**Roy COOK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 10, 1961.

W. D. Bratcher, Greenville, for appellant.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

WILLIAMS, Judge.

The appellant, Roy Cook, was tried in the Muhlenberg Circuit Court, convicted of rape and sentenced to 20 years in the State penitentiary. He now prosecutes an appeal from the judgment pronounced upon the verdict.

The first ground alleged for reversal is the failure of the Commonwealth to elect whether to prosecute on attempted rape or on rape. This ground was not mentioned in the motion and grounds for a new trial, and this Court will not consider it for that reason. Lair v. Commonwealth, Ky., 330 S.W.2d 938.

Other grounds relied upon by appellant, except the one hereinafter specifically discussed, probably will not recur on a new trial. Consequently, any questions regarding them are hereby reserved.

The prosecutrix testified that she made complaint to her husband immediately upon his arrival home approximately one hour after the alleged crime occurred. She also testified concerning the details and particulars of the complaint. The husband was permitted to testify concerning the condition of his wife at the time she made complaint to him, and the husband's employer, who was present at the time the wife related the details to the husband, was permitted to testify that the prosecutrix stated she had been raped. A police officer took a statement from the prosecutrix six hours after the alleged crime occurred. Upon the trial he was permitted to read the statement which set out the details of the complaint.

It is proper to prove the fact of complaint by the prosecutrix. This Court said in Meade v. Commonwealth, 214 Ky.

88, 282 S.W. 781, 782, that the fact of complaint may be proved if the statements of the prosecutrix as to what occurred are controverted by the accused, for the reason that the fact of complaint corroborates the testimony of the prosecutrix. The following rule is recited in the above case:

> "By the weight of authority the evidence must be confined to the bare fact that complaint was made; the details or particulars of the complaint not being admissible as substantive testimony, unless the statement is part of the res gestae."

There is no longer room for doubt that the declarations of a prosecutrix made immediately after commission of the offense are admissible to prove that the offense was committed. It is contemplated that the complaint should have been made before there "had been time to contrive and misrepresent, i. e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance," precluding the complaint's being the product of afterthought or deliberate design. Wright v. Commonwealth, 267 Ky. 441, 102 S.W.2d 376.

The prosecutrix lived in a remote section and made complaint to her husband immediately upon his arrival home. She was at that time visibly nervous and excited, and made complaint at the first opportunity following the alleged offense. Under the circumstances the passage of one hour's time would not be sufficient to exclude her statement from the exception afforded by the res gestae doctrine. On the other hand, her statement made to the police officer six hours later is clearly not a part of the res gestae, and under the authority stated above is inadmissible. See Annotations, 19 ALR2d 579. The admission of the testimony of the police officer is reversible error. Hopper v. Commonwealth, 311 Ky. 655, 225 S.W.2d 100.

The judgment of the trial court is reversed.