**Roy COOK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 15, 1964.

W. D. Bratcher, Greenville, for appellant.

Robert F. Matthews, Atty. Gen., Joe Nagle, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Roy Cook was convicted of rape and sentenced to imprisonment for life. It is urged on appeal that: (1) The Commonwealth's attorney elected to prosecute for attempted rape; (2) evidence was erroneously admitted; (3) corroborating evidence of the victim's testimony should be required; (4) the Commonwealth's attorney was guilty of improper argument; and (5) a juror was guilty of improper conduct. The first contention may be dismissed with the statement that the record shows an election by the Commonwealth's attorney to try on the charge of rape.

The first question relating to the improper admission of testimony concerns the testimony of George Butler. Appellant insists that it was too remote to constitute res gestae. Alice Ann Powell, the wife of Donald Powell, testified that appellant raped her in her home; that her husband came home about an hour afterward; and that she told her husband what had happened as soon as he came home. He had been working for Butler, who was waiting in his car. After Donald Powell had been

in the house about five minutes, he went out to the car and Butler came back to the house with him. At that time the prosecutrix told Butler what had happened, and Butler questioned her at length concerning the incident.

On the trial Butler was permitted to testify in detail what the prosecutrix had told him. Appellant claims that this testimony by Butler constitutes prejudicial hearsay not admissible under the res gestae exception. The Commonwealth insists that such testimony is admissible as res gestae or under the law of the case rule. For first appeal, see Cook v. Commonwealth, Ky., 351 S.W.2d 187.

The rule is stated therein to be that the fact of complaint by the prosecutrix may be proved if her statements as to what occurred are controverted by the accused for the reason that the fact of complaint corroborates the testimony of the prosecutrix. However, the evidence must be confined to the bare fact that complaint was made; the details or particulars of the complaint not being admissible as substantive evidence, unless the statement is part of the res gestae. The admission of the prosecutrix's statement made six hours afterward to a police officer was held to be reversible error.

The testimony of Butler concerns statements made by the prosecutrix at least an hour and five minutes after the happening of the alleged rape. The viciousness of the objectionable Butler testimony is pointed up in two other particulars: the suggestion by Butler that the prosecutrix might obtain $1,000 from appellant and the statement that "She said that Roy Cook told her that he had done other women this way, and I don't think he ought to get by with it." His testimony was clearly hearsay and was inadmissible as res gestae. Fitzgerald v. Commonwealth, 9 Ky.Law Rep. 664, 6 S.W. 152; Ratcliffe v. Commonwealth, 231 Ky. 337, 21 S.W.2d 441; Williams v. Commonwealth, 234 Ky. 729, 29 S.W.2d 11; Long v. Commonwealth, 262

**230**

Ky. 619, 90 S.W.2d 1007; Daws v. Commonwealth, 314 Ky. 265, 234 S.W.2d 953. In the cases cited, statements made from three or four minutes to an hour afterward were held inadmissible as res gestae. On another trial the rule as to admission of testimony concerning the fact of complaint should be strictly adhered to as pointed out in the opinion on the first appeal. Cook v. Commonwealth, Ky., 351 S.W.2d 187. Neither the husband nor Butler should be permitted to testify to any such conversations had with the prosecutrix, except as to the fact of complaint.

The admission of Butler's testimony cannot be sustained under the law of the case rule based on the first opinion herein. A reading of that opinion shows that the husband and Butler testified only to the complaint without giving details of what the prosecutrix said.

Under cross-examination the prosecutrix made voluntary statements, unresponsive to questions, concerning appellant as follows:

"Witness: And that is not all he has did, he is the daddy of a baby that was born dead.

"Mr. Bratcher: Now Judge, I ask that this jury be discharged again—

"Witness: And he didn't even pay for that."

■ Other testimony was admitted to the effect that the appellant had had sexual relations with a teen-age girl. Such testimony had no relation to this case and should not have been admitted. Cargill v. Commonwealth, 13 S.W. 916, 12 Ky.Law Rep. 149, and 93 Ky. 578, 20 S.W. 782; Turpin v. Commonwealth, Ky., 352 S.W.2d 66. The asking of questions when the only possible object is to arouse in the minds of the jury a suspicion that an accused has been guilty of other offenses than that for which he is being tried has been condemned. Canterbury v. Commonwealth, 234 Ky. 268, 27 S.W.2d 946.

The prosecutrix was permitted to relate hearsay statements of what the doctor had told her concerning her examination and condition. The court correctly sustained objections, but the record reveals no admonition to the jury concerning the effect of such testimony. In view of the reversible error already discussed, it is unnecessary to consider the prejudicial effect of failure to admonish the jury concerning such testimony.

■ Appellant argues that the rule in rape cases should be changed so as to require evidence in corroboration. The Court, after consideration, does not feel that any change should be made now.

The alleged misconduct of the Commonwealth's attorney doubtless will not recur on another trial and needs no further comment. For the same reason the alleged misconduct of the juror will not be discussed.

Judgment reversed.