**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**W. T. BOND, Jr., et al., Appellees.**

Court of Appeals of Kentucky.

June 11, 1965.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Thomas J. Sabetta, Owensboro, George P. Stavros, Frankfort, for appellant.

Delma L. Mauzey, Leitchfield, Thacker, Sweeney & Kramer, Owensboro, for appellees.

HILL, Judge.

Appellant seeks to reverse a judgment for $7884.60 for land taken from the appellees in a condemnation proceeding.

Appellees' farm contained 90 acres before the taking. Appellant took 11.68 acres, with no improvements thereon, for use in the construction of the Western Kentucky Parkway, and .04 of an acre for permanent easement, leaving 11.42 acres landlocked on the south side of the new toll road and 66.9 acres lying on the north of said road. No improvements were on or affected by the landlocked tract. Access to the northern tract was not affected by the taking. Appellant contends (1) the trial court erred in refusing to strike the testimony offered by appellees; and (2) that the verdict is excessive and unsupported by sufficient evidence of probative value.

First, should the trial court have stricken certain testimony objected to by appellant?

Appellee, W. T. Bond, Jr., testified he considered two sales in the community from hearsay. He implied they were comparable sales although he did not point out factual elements of similarity. He admitted a material dissimilarity, in that, one of the contended comparable sales was of property on a federal highway, whereas the property condemned is on a Kentucky rural road. Not only did he fail to state facts showing comparables but the conclusions he reached were based on hearsay. He was not a professional real estate appraiser or dealer.

■ The witness, Hassie Anderson, was allowed to testify the amount awarded by the commissioners in county court, he being one of them. This was improper but no objection was made to this evidence. On another trial such evidence should not be admitted. This witness referred to and admitted he based his valuations on other sales, some he learned of by hearsay. His evidence that other sales were comparable, like the Bond testimony discussed earlier, failed to show factual similarities to the property here condemned. The trial court erred in overruling appellant's motion to strike the testimony.

Appellees' witness, Dolan Pryor, also relied on hearsay as to other sales he considered. This hearsay evidence of the Hopper sale was contradicted by the stamps on the original deed. His testimony was incompetent and prejudicial and should have been stricken.

In practically all of the appellees' voluminous evidence there is the absence of any reasonable showing of comparability.

■ A 15-acre tract on a federal highway and with a "good little house" and "good pond" is not prima facie comparable with a 90-acre place on a secondary road and with a house in an obviously poor state of repair as shown by the photographic exhibits of this place.

Otis Bryant, another of appellees' witnesses, relied on hearsay evidence of comparable sales without showing facts constituting comparability. His testimony on such sales should have been stricken.

Chester Brown, who based his estimate of value entirely on his own farm two miles away, without any factual evidence of similarity, was allowed to testify. The trial court erred in overruling appellant's motion to strike his testimony.

In addition to the foregoing, none of the witnesses gave any substantial reason why the 69.9 acres left on the north side of the parkway would not still be as valuable as before. And if it is, it should be worth around $275 per acre, or $19,250, whereas the jury found this plus the landlocked 11.42 acres south of the road to have an "after" value of only $16,250. After all, the whole place was in the soil bank ten years, seven of which have still to run.

The second ground relied on for reversal insists the amount of the verdict and judgment is excessive. With this contention we also agree.

Wherefore, the judgment is reversed with directions to grant the appellant a new trial.