**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Truman RILEY, and Emma Riley, wife, Appellees.**

Court of Appeals of Kentucky.

May 5, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Dept. of Highways, Frankfort, Strother Kiser, Lexington, for appellant.

Dean & Dean, Harrodsburg, Walter Patrick, Lawrenceburg, for appellees.

CULLEN, Commissioner.

On this appeal by the Department of Highways from a judgment in a highway condemnation suit the principal contention is that the award is excessive.

The department condemned 15 acres of the appellees' farm for right of way for an interstate highway and a service road running at an angle across the farm. This would sever the farm leaving 66 acres, with all the improvements, on one side, and 17 acres of hilly pasture land on the other side. (The 15 acres condemned were hilly pasture land also.)

■ The jury found that the before value was $30,000 and the after value was $14,166, and awarded as damages the difference in these values, $15,834. It is our opinion that the evidence of the landowners' witnesses, whose value estimates were relied upon by the jury, did not have sufficient probative force to be persuasive of the fact that the taking of 15 acres of hilly pasture land, and the severing or isolating of another 17 acres of the same type, reduced the value of the 98-acre farm by more than half, when there remained a unit of 66 acres of good, tillable land with all the improvements. See Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472; Commonwealth, Department of Highways v. Bond, Ky., 391 S.W. 2d 692; Commonwealth, Department of Highways v. Picklesimer, Ky., 397 S.W.2d 159.

The reasons given by the landowners' witnesses for the diminution in value of the farm were that the farm was severed; the main tract of 66 acres then was over-improved; the new road was on an unsightly fill in view of the house; the edge of the right of way was within 30 feet of the house; and the "garden spot" and several shade trees were taken. This was a modest farm to begin with, valued by the landowners' witnesses at only $300 per acre before the taking. The evidence does not have the force of conviction that the elements of damage mentioned by the witnesses operated to reduce the value of the farm more than half.

It is our conclusion that the damages are excessive.

We shall discuss two other issues because they may arise again upon a new trial.

■ The department complains that certain "comparables" cited by the landowners' witnesses were not even prima facie comparable. However, the comparables were farms of similar size in the same county, which we think was enough to make reference to them admissible, leaving it to the department to bring out on cross-examination any points of dissimilarity. See Stewart v. Commonwealth, Ky., 337 S.W.2d 880; West Kentucky Coal Company v. Commonwealth, Ky., 368 S.W.2d 738. In any event, the comparables were used in the instant case to establish *"before"* value, and the main difference of opinion in the case was as to *"after"* value, so the use of the comparables was not of any particular harm to the department.

■ The trial court permitted the landowners' witnesses to remain in the courtroom while the department's engineer was testifying, despite the department's request for exclusion under CR 43.09. One purpose of the rule is to keep a witness from

being influenced by the testimony of other witnesses. Clay, CR 43.09. Another is to insure that a witness not be given a chance to adjust his testimony in advance so as to avoid conflict with the testimony of other witnesses. We think the spirit of the rule was not violated in the instant case, because the engineer was merely stating the physical engineering facts, concerning which there was no dispute. Nothing in his testimony was liable to influence any other witness to change his testimony.

The judgment is reversed, with directions for further proceedings in conformity with this opinion.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY and STEINFELD, JJ., concur.