**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**Byron B. RILEY and Hazel Mae Riley, wife, Appellees.**

Court of Appeals of Kentucky.

May 5, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Strother Kiser, William O. Gilbreath, Lexington, for appellant.

Walter Patrick, Lawrenceburg, W. Earl Dean, Dean & Dean, Harrodsburg, for appellees.

HILL, Judge.

The Commonwealth appeals a judgment for $13,126 for 12.28 acres taken out of appellees' 113-acre farm for use in the construction of the Bluegrass Parkway.

Three claimed errors are assigned as justification for reversing the judgment. First, the amount of the verdict is excessive; second, the comparable sales relied on by the landowners' witnesses are not comparable to the subject property; and third, the trial court erred in refusing to exclude the landowners' witnesses from the courtroom during the giving of the testimony by an engineer for the Department of Highways.

■ Appellees paid $11,000 for the entire farm in 1955, but they contend they made valuable improvements thereon after its purchase. However, no improvements were taken or disturbed, except it is claimed without contradiction that the right of way taken extends so close to appellees' barn that the doors cannot be used as before the taking. The land condemned divides the farm so that 51.5 acres remain to the south of the right of way and 49.44 acres re-

main to the north. There is no contention that appellees cannot operate the farm as a unit after the taking. Appellees have reasonable access from one tract to the other and to the highway system by means of a new road which runs parallel with the parkway.

The county court commissioners awarded appellees $9,489, from which both parties appealed to the circuit court.

The lone witness for the Commonwealth testified the difference in the before and after value of the farm was $3,500. The two witnesses for the appellees testified the difference was $18,900 and $16,000.

The amount of the verdict represents 38 percent of the before value of the farm, as fixed by appellees' most favorable witness, while only 13 percent of the farm was taken and the improvements are all on the remaining land.

From the aerial photographs in the record, the land taken is sparsely covered woodland and the most unproductive land on the farm.

The testimony of appellees' best witness (Birdwhistell, now deceased) fixed the value of the farm before the takng at $300 per acre. Based on such value, the land taken (assuming it has equal value with the remaining land, which it does not have) would be worth approximately $3,900, which is less than one-third of the amount of the judgment.

■ We are mindful of the historic province of the jury in the trial of questions of fact. We are likewise cognizant of the fact that in the exercise of the extraordinary right of eminent domain property owners are required sometimes against their will to give up their property; and in the event of a contest in court, the property owner must pay attorney fees out of the amount fixed as "just compensation" for his property. Nevertheless, jury verdicts on disputed questions of fact are not final or unassailable. The verdicts may be re-

viewed and upset where, as in the present case, the amount at first sight appears excessive and to have been rendered as a result of passion or prejudice. Commonwealth Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472.

 Appellants' second ground for reversal attacks appellees' evidence as lacking in probative value, for the reason it was based on sales not shown to have been comparable to the property in question. This ground is resolved adversely to appellants' position in this and a companion case, styled Commonwealth of Kentucky, Department of Highways v. Riley, Ky., 414 S.W.2d 883, decided simultaneously. We repeat the language in the companion case by saying:

"(T)he comparables were farms of similar size in the same county, which we think was enough to make reference to them admissible, leaving it to the department to bring out on cross-examination any points of dissimilarity. See Stewart v. Commonwealth, Ky., 337 S.W.2d 880; West Kentucky Coal Company v. Commonwealth, Ky., 368 S.W.2d 738. In any event, the comparables were used in the instant case to establish *before* value, and the main difference of opinion in the case was as to *after* value, so the use of the comparables was not of any particular harm to the department."

We may likewise reiterate our conclusion in the companion case in answer to appellants' argument that the trial court erred in permitting the landowners' witnesses to remain in the courtroom during the giving of the testimony of the engineer for the department in violation of CR 43.09 as follows:

"One purpose of the rule is to keep a witness from being influenced by the testimony of other witnesses. Clay, CR 43.09. Another is to insure that a witness not be given a chance to adjust his testimony in advance so as to avoid conflict with the testimony of other witnesses. We think the spirit of the rule was not violated in the instant case, because the engineer was merely stating the physical engineering facts, concerning which there was no dispute. Nothing in his testimony was liable to influence any other witness to change his testimony."

The judgment is found excessive and is reversed.

WILLIAMS, C. J., and MILLIKEN, MONTGOMERY, and STEINFELD, JJ., concur.