Stevie Lane JONES, Movant,

v.

COMMONWEALTH of Kentucky, Respondent.

80–SC–820–DG.

Supreme Court of Kentucky.

Nov. 3, 1981.

Jack Emory Farley, Public Advocate, William Radigan, Asst. Public Advocate, Frankfort, for movant.

Steven L. Beshear, Atty. Gen., John Stephen Kirby, Asst. Atty. Gen., Frankfort, for respondent.

AKER, Justice.

Stevie Lane Jones was convicted in Nicholas Circuit Court of assault in the second degree in violation of KRS 508.020 and sentenced to ten years' imprisonment as a result of the stabbing of Milo McLean in Carlisle, Kentucky on July 4, 1979.

The Court of Appeals affirmed and we granted discretionary review to consider whether the trial court erred in automatically precluding a defense witness, Charles David Greene, from testifying because Greene violated the rule for separation of witnesses.

Immediately following voir dire at movant's trial on September 25, 1979, the prosecutor moved for the separation of witnesses pursuant to RCr 9.48. The court then proceeded to identify the witnesses for both the movant and the Commonwealth and excused them from the courtroom.

Later, at approximately 10:30 that morning Charles David Greene entered the courtroom and seated himself at the back of the room. It is apparent from the record that Greene was not sworn with the other witnesses, nor was he present when the order for separation was made. Greene remained in the courtroom during the examination of witnesses. Following the mid-afternoon recess, defense counsel called Greene as a witness. The clerk, who was present in the courtroom, immediately ad-

vised the court that Greene had been in the courtroom all day. After a brief colloquy with Greene, the court ruled it *could not* allow Greene to testify because the separation rule had been violated. The trial judge indicated that he had no discretion in the matter. In *Jacobs v. Commonwealth*, Ky., 551 S.W.2d 223 (1977), this court recognized the purpose of RCr 9.48 is to prevent a prospective witness from altering testimony to conform with that which he may hear during the examination of other witnesses and held that strict compliance with RCr 9.48 is not mandatory and took a practical approach to the problem contemplated by the rule. Accord, *Sanders v. Drane*, Ky., 432 S.W.2d 54 (1968). We have uniformly interpreted the separation rule as providing a trial judge broad discretion to permit or refuse to permit a witness to testify who has violated the rule and have refused to intervene in such matters except in cases where that discretion has been abused. *Jacobs*, supra; *Stone v. Commonwealth*, Ky., 418 S.W.2d 646 (1967); *Moore v. Commonwealth*, Ky., 323 S.W.2d 577 (1959).

■ While we have recognized that it is incumbent upon counsel for both parties to cause their witnesses to observe the rule, the trial court still retains broad discretion as to whether a particular violation has been prejudicial. *Rice v. Commonwealth*, Ky., 387 S.W.2d 4 (1965). The failure of counsel to enforce the rule is but one factor to be considered in the proper exercise of discretion by the trial court under RCr 9.48. Here, Greene was automatically precluded from testifying based solely upon his violation of the trial court's separation order, and the trial court erred in not exercising this discretion.

■ We must further point out that, pursuant to RCr 9.52, defense counsel requested the court to permit an avowal by Greene because he maintained that Greene's testimony was of such a nature that it could not be tainted by having heard prior testimony. The trial court refused this request. In *Powell v. Commonwealth*, Ky., 554 S.W.2d 386 (1977), we stated:

RCr 9.52 permits the introduction of an avowal in order that it can be determined on appeal whether the proffered testimony should have been admitted and, if so, whether its exclusion was prejudicial. The right thus to preserve a claim of error is essential to the right of appeal. If a party is forbidden the opportunity of making an avowal he is to that extent deprived of the remedy of appeal, to which he is entitled as a matter of right ... it would be necessary to treat the trial court's refusal to permit the avowal as a prejudicial error ... 554 S.W.2d at 390.

The trial court clearly abused its discretion in automatically precluding Greene from testifying without considering whether the violation of the separation rule would be prejudicial under the facts and circumstances of this case. Also, in the absence of an avowal to indicate the nature and substance of the proffered testimony, we are unable to weigh the prejudicial effect of its exclusion, if any.

Therefore, the decision of the Court of Appeals and the judgment of the Nicholas Circuit Court are reversed and the cause is remanded for a new trial consistent with this opinion.

All concur except STEPHENSON, J., who files a dissenting opinion.

STEPHENSON, Justice, dissenting.

It is my view that the majority opinion adds a new dimension to RCr 9.48 regarding separation of witnesses not contemplated by the rule and not contemplated by RCr 9.52 (avowals). An exercise of discretion by the trial judge on whether a witness be allowed to testify after violating the rule should depend on all the circumstances surrounding the violation. There is nothing in RCr 9.48 to even suggest that the testimony to be offered by the witness is relevant to this decision. The question is whether the witness should be allowed to testify, not whether an objection to a question sustained by the court should be put in the record by avowal (RCr 9.52).

The majority opinion requires the trial court to permit an avowal of the nature and substance of the testimony to be offered by the witness for the purpose of determining if the exclusion was prejudicial. This injects an additional factor that should not be considered in a determination of whether a violation of RCr 9.48 justified a decision by the trial court to decline to permit a witness to testify. The majority opinion will complicate what is now a straight-forward determination to be made by the trial court in the exercise of sound discretion.

Accordingly, I dissent from this holding in the majority opinion.