Charles Lewis McCLURE, Appellant,

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 15, 1985.

Paul Isaac, Public Advocate, Frankfort, Kim M. Wilkie, Fayette County Legal Aid, Inc., Lexington, for appellant.

David L. Armstrong, Atty. Gen., Greg Holmes, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, HOWERTON and LESTER, JJ.

HOWERTON, Judge.

McClure appeals from a jury verdict finding him guilty of first-degree sexual abuse and sentencing him to five years in prison. He claims that the trial court committed reversible error by allowing hearsay statements into evidence. We disagree and affirm.

McClure was originally charged with first-degree rape and first-degree sexual abuse of a five-year-old girl. The incident allegedly occurred one evening while McClure was staying at the child's home. When the child's mother returned home about midnight of the evening in question, she found her daughter in her underpants with her shirt on backwards and "white stuff" on her legs. In response to a question as to what occurred or the origin of the "white stuff," the child allegedly replied, "Well, Charlie did it, Mamma." The child also allegedly then told her mother that McClure had gotten on top of her and "was hunching."

Prior to trial, McClure made a motion in limine objecting to the proposed testimony of the mother, Patty Sutter, a friend who arrived at the home soon after the mother on the evening in question, and Detective Gerald Staed, the first policeman to arrive at the residence, as inadmissible hearsay. The court ruled that the statements made by the child, as related to the three potential witnesses, would be admissible at trial, under the res gestae exception to the hearsay rule.

At trial, the Commonwealth agreed to drop the first-degree rape charge and pursued only the first-degree sexual abuse charge. The court then heard the testimony of the three witnesses concerning the story which the child related to them. The Commonwealth presented no evidence other than the testimony of these three witnesses to support its case against McClure. In his defense, McClure denied any sexual activity with the child and denied knowledge of the origin of the "white stuff" on the child's legs. The jury found McClure

guilty of first-degree sexual abuse and sentenced him to five years in prison.

■ On appeal, McClure claims that the court erred by admitting the testimony of the three witnesses concerning the statements made by the child. We disagree. The real test for deciding whether to allow spontaneous declarations as evidence under an exception to the hearsay rule is stated in *Preston v. Commonwealth*, Ky.App., 406 S.W.2d 398 (1966). It provides:

The true test ... is not when the exclamation was made, but whether under all the circumstances of the particular exclamation the speaker may be considered as speaking under the stress of nervous excitement and shock produced by the act in issue....

In this case, we are dealing with statements made by a five-year-old child to her mother, her mother's friend, and a detective.

McClure relies on *Roland v. Beckham*, Ky., 408 S.W.2d 628 (1966), for the idea that spontaneity is the most important consideration in determining the existence of the res gestae exception to the hearsay rule. *Roland* involved statements made in response to inquiries following an automobile collision. Although spontaneity is an important factor in whether to allow hearsay statements into evidence, we do not find *Roland* to be dispositive in this case.

We do not know how much time had elapsed between the incident and the time the child's mother arrived at home, but it was shortly after her arrival that she questioned the child about her appearance and the presence of the "white stuff." Approximately 30 minutes elapsed between the time the mother arrived at home and the witness, Patty Sutter, arrived and questioned the child. An additional 15 to 20 minutes elapsed between that time and the time that the detective questioned the child. The total elapsed time, however, is not fatal to this case.

A one-hour time lapse was acceptable in *Cook v. Commonwealth*, Ky., 351 S.W.2d 187 (1961), when a rape victim told her husband of the incident upon his arrival at home. The res gestae exception has also been applied in a number of cases from other jurisdictions involving declarations by an infant, some of them being more than 24 hours after the event. *State v. Rodriquez*, 8 Kan.App.2d 353, 657 P.2d 79 (1983), four-hour lapse of time; *People v. Pottruff*, 116 Mich.App. 367, 323 N.W.2d 402 (1982), five-year-old's statement to mother within 24 hours; and *Love v. State*, 64 Wis.2d 432, 219 N.W.2d 294 (1974), three-year-old girl's statement to her mother on the following day.

The attitude of the federal courts concerning this situation has been somewhat summarized in *U.S. v. Iron Shell*, 633 F.2d 77 (8th Cir.1980), *cert. den.*, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981). In that case, a nine-year-old child was the victim of an attempted rape and assault. On the subject of the hearsay exception, the opinion reads, at 85–86:

The lapse of time between the startling event and the out-of-court statement although relevant is not dispositive in the application of rule 803(2)..... Nor is it controlling that Lucy's statement was made in response to an inquiry.... Rather, these are factors which the trial court must weigh in determining whether the offered testimony is within the 803(2) exception. Other factors to consider include the age of the declarant, the physical and mental condition of the declarant, the characteristics of the event and the subject matter of the statements.

*Iron Shell* held that the child's responses to questions from a police officer approximately one hour after the assault were admissible at trial as an exception to the hearsay rule.

We are faced with a serious problem in proving child molestation cases. On the one hand we are dealing with an infant of tender age who in some cases, as in this, does not testify in court. Caution must be taken to insure the truth and accuracy of their stories. This case is not the strongest on record, as the only proof of guilt was the testimony of the three witnesses.

Their statements repeating what the child told them were corroborated somewhat by their observation of the child and the "white stuff," but no analysis of the "white stuff" was presented at trial. However, we are not confronted with any issue concerning the sufficiency of the evidence and, if the testimony was admissible, the evidence was sufficient to convict McClure.

To further compound the problem, children who have been subjected to molestation and sexual abuse may not say anything for a very long time, or ever, because of threats made by the perpetrator. This child did not spontaneously volunteer what had happened to her; she explained in response to questions from her mother. We recognize also that a parent may be an intimidating force when questioning a young child, leading to utterances which, if accepted as evidence, could convict an innocent person.

We believe the trial court was in a proper position to determine the credibility and admissibility of this evidence, however. The determination of what evidence falls within the res gestae exception to the hearsay rule must be based on the facts and circumstances of the particular case. Lawson, *The Kentucky Evidence Law Handbook*, 2d Ed., § 8.60 (1984). We find no reversible error or abuse of discretion by the trial court in its determination.

The judgment of the Fayette Circuit Court is affirmed.

All concur.