Paul GAINES, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

March 12, 1987.

Rehearing Denied May 21, 1987.

Rodney McDaniel, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Elizabeth Marshall, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Paul Gaines was convicted of first-degree sodomy and sentenced to twenty years' imprisonment. He was also convicted of first-degree sexual abuse and sentenced to five years' imprisonment. We reverse.

The child involved here was four years of age. The prosecution presented the testimony of a child-abuse worker and an employee of the county Department of Juvenile Services, who described their interview with the child; and the videotaped interview with anatomically correct dolls where the child demonstrated and told what happened with Gaines, her father. The Commonwealth then concluded with the playing of a videotape of the interview with the other two witnesses. There was not any physical or medical evidence of the complained-of acts. The father testified, denying committing any of the acts.

This videotape was admitted into evidence before the jury pursuant to KRS 421.350(2), which provides:

(2) The recording of an oral statement of the child made before the proceeding begins is admissible into evidence if:

(a) No attorney for either party was present when the statement was made;

(b) The recording is both visual and oral and is recorded on film or videotape or by other electronic means;

(c) The recording equipment was capable of making an accurate recording, the operator of the equipment was competent, and the recording is accurate and has not been altered;

(d) The statement was not made in response to questioning calculated to lead the child to make a particular statement;

(e) Every voice on the recording is identified;

(f) The person conducting the interview of the child in the recording is present at the proceeding and available to testify or be cross-examined by either party;

(g) The defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; and

(h) The child is available to testify. If the electronic recording of the oral statement of a child is admitted into evidence under this section, either party may call the child to testify, and the opposing party may cross-examine the child.

This videotape is characterized by Gaines as an unsworn out-of-court statement. The videotaped interview is described by the Commonwealth as a "statutorily acceptable admission of an unsworn out-of-court statement."

Gaines unsuccessfully moved to suppress the videotape. We are of the opinion that the trial court erred when it admitted the tape into evidence. There are other issues preserved by Gaines, but in view of our holding on the tape, we will not discuss these issues.

■ It is fundamental to our system of jurisprudence that a witness in a case not be permitted to testify unless the proffered witness shall first undertake a solemn obligation to tell the truth. This ordinarily will be by oath or affirmation (KRS 454.170). In the case of very young children, after a determination by the trial court that the child is competent to testify, it is within the discretion of the court whether it is appropriate, in addition, to administer a formal oath.

■ From our review of cases in this jurisdiction relating to the competency of children to testify as witnesses, there is a common thread that the trial court should test the child to determine if the child is sufficiently intelligent to observe, recollect, and narrate the facts and has a moral obligation to speak the truth. These cases are compiled in 22 Ky.Digest 2d, Witnesses, Keys 40(1), 40(2), and 45(2). It is apparent that there has not been an issue raised in the cases as to whether a formal oath should be administered to the child after the trial court has determined the child is competent to testify. It is apparent that this has been left to the good judgment of the trial court to decide whether a solemn obligation to tell the truth is to be reinforced with a formal oath in the case of very young children. In any event, after a child has been found competent to testify, the child becomes a witness the same as any other witness who has taken an oath or affirmed.

The proposition that a witness in a court of law must take a solemn obligation to tell the truth is as old as our jurisprudence. In this jurisdiction, for example, we have said in *Whitaker v. Commonwealth*, 297 Ky. 279, 179 S.W.2d 448, 451 (1944), involving a five-year-old boy, that a child having sufficient natural intelligence and being so instructed as to comprehend the nature of the act of telling the truth and consequence of willful falsehood must be permitted to testify.

Also, in *Jackson v. Commonwealth*, 301 Ky. 562, 192 S.W.2d 480, 481–2 (1946), we said that whether a child is old enough to testify is not measurable by any unalterable rule as to age, but the court should make inquiry into the child's qualifications,

and determine whether he is sufficiently intelligent to observe, recollect, and narrate the facts, and has a sense of obligation to speak the truth, and, if so, should permit the child to testify, leaving the question of weight to be given his testimony for the jury.

That these propositions rest on historical foundations as ancient as our law is found in Blackstone, *Commentaries on the Laws of England,* Blackstone, Sharswood (1878), Vol. II, Book III, Chapter 23, Private Wrongs, page 369:

> ... This compulsory process, to bring in unwilling witnesses, and the additional terrors of an attachment in case of disobedience, are of excellent use in the thorough investigation of truth; and, upon the same principle, in the Athenian courts, the witnesses who were summoned to attend the trial had the choice of three things: either to swear to the truth of the fact in question, to deny or abjure it, or else to pay a fine of a thousand drachmas.

and, on page 371:

> The oath administered to the witness is not only that what he deposes shall be true, but that he shall also depose the whole truth; so that he is not to conceal any part of what he knows, whether interrogated particularly to that point or not. And all this evidence is to be given in open court, in the presence of the parties, their attorneys, the counsel, and all bystanders, and before the judge and jury; ....

This illustrates the concept that before being a witness in a court of law there must be demonstrated a solemn obligation to tell the truth. This has been applied to children proffered as witnesses; for example, see *The King v. Brasier,* 1 Leach 199, 168 Eng.Rep. 202 (12J) (1779):

> The Judges assembled at Serjeants'-Inn Hall 29 April 1779, were unanimously of opinion, That no testimony whatever can be legally received except upon oath; and that an infant, though under the age of seven years, may be sworn in a criminal prosecution, provided such infant appears, on strict examination by

the Court, to possess a sufficient knowledge of the nature and consequences of an oath (see *White's* case, post, 430, Old Bailey October Session, 1786), for there is no precise or fixed rule as to the time within which infants are excluded from giving evidence; but their admissibility depends upon the sense and reason they entertain of the danger and impiety of falsehood, which is to be collected from their answers to questions propounded to them by the Court; but if they are found incompetent to take an oath, their testimony cannot be received. The Judges determined, therefore, that the evidence of the information which the infant had given to her mother and the other witness, ought not to have been received.

■ We are of the opinion the statute which permits testimony from a child who has not been declared by the trial court competent to testify as a witness is an unconstitutional infringement on the inherent powers of the judiciary, as declared in Sections 27 and 28 of the Constitution of Kentucky.

Ky. Const. § 27 provides:

> The powers of the government of the Commonwealth of Kentucky shall be divided into three distinct departments, and each of them be confined to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another.

Ky. Const. § 28 provides:

> No person or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted.

We are of the further opinion that this statute, authorizing a child to be a witness without first having undertaken a solemn obligation to tell the truth, is a legislative interference with the orderly administration of justice.

The Commonwealth's assertion that the videotape is a statutorily acceptable admission of an unsworn out-of-court statement

presents the issue which we have decided impinges upon the authority of the judiciary to conduct an orderly system of justice; thus the admission of the videotape into evidence was error. See also 81 Am Jur 2d, Witnesses, §§ 1, 69, 86, 88, 89, 92, 93, and 413, which essentially state that a witness is a person whose statements under oath are received as evidence for some purpose—that a young child offered as a witness must possess a sense of obligation to tell the truth, and the competency of a child is determined by the trial court after investigating the child's capacity to observe and remember the matters about which testimony is sought.

The Commonwealth speaks of exceptions to the hearsay rule and cites *McClure v. Commonwealth,* Ky.App., 686 S.W.2d 469 (1985), as authority. There, hearsay statements of a child were held to be within the res gestae rule. We point out that the witness who testified to these statements was undoubtedly sworn or affirmed to speak the truth. This line of reasoning by the Commonwealth is not in point with the issue.

▇ Further, that the child was available for cross-examination does not cure the fatal flaw in permitting the child to testify without having the trial court first determine that the child was competent to be a witness.

In view of our holding, we do not consider the other assignments of error.

The judgment of the trial court is reversed with directions to grant a new trial.

STEPHENS, C.J., and GANT, LAMBERT and LEIBSON, JJ., concur.

VANCE, J., dissents.

WINTERSHEIMER, J., dissents and files a separate dissenting opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent because I believe the statute is constitutional. I would interpret the law so as to provide that competency of the child witness be judicially determined before the evidence in question could be admitted.

In 1978 this Court adopted the federal definition of "unavailability" of a declarant for the purpose of excepting from the hearsay rule declarations against interest. *Crawley v. Commonwealth,* Ky., 568 S.W.2d 927 (1978); See also *Motorist Mutual Insurance Co. v. Hunt,* Ky.App., 549 S.W.2d 845 (1977).

The statute requires the child to be competent to stand for cross-examination. KRS 421.350(2) makes clear that the inability to cross-examine the child, because of unavailability renders the videotaped statement inadmissible. Therefore, the statute not only envisions but necessitates a judicial determination of the child's competency before admission of the videotaped statement into evidence. There is no encroachment into the judiciary's function of insuring the orderly administration of justice nor a violation of the doctrine of separation of powers. I believe the law is not constitutionally infirm.

The prosecution case was principally the unsworn, out-of-court statement made by the four-year-old victim. There was no physical or medical evidence. Two social workers testified relative to the taking of the statement. The prosecution concluded the case by the playing of the videotaped statement. The victim was present and available in court but was not called as a witness. The defense did not call her either. Gaines testified in his own defense and denied committing any of the alleged offenses. The jury found him guilty of both charges.

The statutory plan of KRS 421.350(2) provides ample opportunity to test the credibility of the evidence and the evidence was sufficient for the jury to find guilt in this case. The videotaped interview of the victim is a statutorily acceptable admission of an unsworn, out-of-court statement and as such is a recognized exception to the hearsay rule. The evidence presented is comparable to any other case in which the victim gives an eyewitness account of the crime. Here the child victim is an eye witness to the alleged crime and the statement was

taken out of court by means of video tape. The victim was available at trial and physically present for full and complete examination. The defendant did not choose to exercise this right. The trial judge correctly overruled the motion for directed verdict. There was sufficient credibility in the statements of the victim to create a jury question between the opposing testimony of the victim and her father who totally denied the offenses.

The interview with the victim was conducted under circumstances which enhanced the believability of her statement. The videotaped interview was conducted at 4 p.m. on May 3, 1985, only five hours after the initial interview at 11 a.m. the same day. There was no evidence of any contact in the interim by the social workers so as to permit any influencing or rehearsing of the taped statement.

Gaines waived his right to cross-examine the victim. KRS 421.350(2)(h) provides the right to cross-examine by requiring that the child victim be available to testify upon the call of either party. The child victim was physically present and available to be sworn and called as a witness. Gaines did not choose to call her for cross-examination and consequently waived his right to claim on appeal that confrontation was denied.

I am persuaded that *Jolly v. State*, Tex. App., 681 S.W.2d 689, 695 (1984), is correct when it held that a defendant could not claim on appeal that he was denied the right to confront and cross-examine a child victim when the defendant had chosen not to call the child to testify at trial even though she was available. *See Also Alexander v. State*, Tex.App., 692 S.W.2d 563 (1985). The Texas statute is very similar to KRS 421.350. Additional support for the valid constitutional foundation for the statutory plan may be found in "The Testimony of Child Victims in Sex Abuse Prosecutions: Two Legislative Innovations", 98 Harvard Law Review 806 (1985); and "The Competency Requirement for the Child Victim of Sexual Abuse: Must We Abandon It?" Comment, 40 U. of Miami Law Review 245 (1985).