Art BALLARD, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 87–SC–11–MR.

Supreme Court of Kentucky.

Jan. 21, 1988.

V. Gene Lewter, Lexington, for appellant.

Art Ballard, pro se.

David L. Armstrong, Atty. Gen., Michael L. Harned, Asst. Atty. Gen., Frankfort, for appellee.

## OPINION OF THE COURT

Appellant, Art Ballard, was indicted in October of 1985, and charged with three counts of sexual abuse in the first degree, one count of attempted rape in the first degree, and sodomy in the first degree. The charges arose from allegations that appellant had sexually molested his nine-year-old granddaughter. Upon a jury verdict, appellant was convicted of all charges and sentenced to fifty years imprisonment. Appellant appeals from this conviction and asserts four claims of error.

First, appellant argues that he was denied due process of law because the trial court tried him under KRS 532.055, the new truth in sentencing law, prior to its effective date. In *Commonwealth v. Reneer*, Ky., 734 S.W.2d 794 (1987), this Court recently rejected this argument. *Reneer* is dispositive of the issue.

Second, appellant contends the Court erred by prohibiting a defense witness, O.W. Ballard, from testifying. The court disallowed the testimony because the witness had been in the courtroom during a portion of the testimony of another witness in violation of RCr 9.48. Without conducting a hearing to determine whether the

violation caused prejudice to the Commonwealth, the court held that it did not matter how long the witness had been in the courtroom. No inquiry was made as to what the witness had heard or the content of his proposed testimony.

Our decision in *Jones v. Commonwealth,* Ky., 623 S.W.2d 226 (1981), requires the trial court to determine whether the violation of RCr 9.48 is prejudicial under the facts and circumstances of the case. Automatic prohibition of testimony without such a determination amounts to an abuse of discretion. The trial court did not make the required determination. It did not consider the amount of time the witness was wrongly in the courtroom nor did it inquire into the content of the proffered testimony. This automatic prohibition of O.W. Ballard's testimony is an abuse of discretion under *Jones* and constitutes reversible error.

■ Thirdly, appellant contends the trial court erred by allowing into evidence a videotape interview of the ten-year-old complaining witness. At trial, and over appellant's objection, the Commonwealth, pursuant to KRS 421.350(2), introduced and played a videotape interview of the child conducted by a social worker before trial.

KRS 421.350 contains special provisions for taking testimony from children allegedly sexually abused. Section two of the statute provides that a videotape statement from such a child made before proceedings begin is admissible into evidence.

After the videotape was played, defense counsel called the complaining witness for cross-examination. Not until that time was a determination made that she was competent to testify, and only then was she sworn to tell the truth.

After the trial of this case, we rendered our decision in *Gaines v. Commonwealth,* Ky., 728 S.W.2d 525 (1987). *Gaines* held that KRS 421.350(2) unconstitutionally infringes on the inherent powers of the judiciary since it permits testimony from a child who has not been determined competent as a witness by the trial court. *Gaines* further held that section two of the statute interfered with the orderly adminis-tration of justice because it permits a child to be a witness without first having taken an oath to tell the truth. The case at bar is indistinguishable from *Gaines.* In both cases, the videotape testimony was introduced under KRS 421.350(2), and in both cases, the videotape testimony was heard without a determination of witness competency and without the taking of an oath. It is of no consequence that in this case the child witness was declared competent to testify and took an oath *after* the videotape was played. *Gaines* is controlling and reversal is required.

■ Finally, appellant contends that the trial court erred in failing to grant his motion for a new trial. Prior to trial, the court ordered discovery of Department for Human Resources' (DHR's) records concerning the victim including results of physical or mental examinations. After trial, defense counsel discovered that DHR had withheld exculpatory portions of their records from discovery. The evidence withheld included a medical report based on a physical examination of the complaining witness. The report stated that the physician had found no evidence of any sexual abuse. Apparently, the Commonwealth's Attorney was unaware of the withheld medical report, but an investigating officer who was a witness for the Commonwealth and who sat beside the Commonwealth's Attorney during the entire trial had been furnished a copy of the report before trial.

The United States Supreme Court addressed the issue of supression of evidence by the prosecution in *Brady v. State of Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). There the Court held that:

> Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to the guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Brady* at 87, 83 S.Ct. at 1196.

This principle applies to the case at bar. The Department for Human Resources, an

agency of the Commonwealth, and the Commonwealth's investigating officer suppressed evidence favorable to the accused. We shall not condone such reprehensible action. This conduct was in violation of an order of the court and denied appellant a fair trial. Reversal is required.

For the foregoing reasons, appellant's conviction is reversed with directions that he be granted a new trial.

STEPHENS, C.J., and LAMBERT, LEIBSON, STEPHENSON, and VANCE, JJ., concur.

GANT, J., dissents.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority decision because I believe the trial judge did not abuse his discretion when he excluded a witness pursuant to RCr 9.48 and he did not abuse his discretion by denying a motion for a new trial.

The trial judge clearly considered the matter and determined that O.W. Ballard's viewing of a significant portion of the child's video-taped testimony violated RCr 9.48 and resulted in prejudice under the facts and circumstances of the case. This was a proper exercise of discretion by the trial judge and was not an automatic exclusion of a witness.

The trial judge did not abuse his discretion by denying the motion for a new trial. The physical examination of the complaining witness was apparently conducted approximately fifteen months after the incident. The examination neither confirmed nor excluded sexual abuse. The report of the examination was delivered to the Department of Human Resources on the day of trial and the report was conveyed to the investigating officer on the same day. The granting of a new trial has always been a matter of judicial discretion and unless there has been an abuse of such discretion, this Court should not reverse. *Carwile v. Commonwealth*, Ky.App., 694 S.W.2d 469 (1985); *Jillson v. Commonwealth*, Ky., 461

S.W.2d 542 (1971). In order for newly discovered evidence to support a motion for new trial in a criminal case, it must, with reasonable certainty, have changed the result of the trial. The newly discovered medical examination does not rise to this level.

I would affirm the conviction in all respects.