869 F.2d 1490
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence T. GILLS, Petitioner-Appellant,
v.
Patricia MARTIN, Warden, Respondent-Appellee.
 No. 88-5935.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1989.
 
 1
 Before RALPH B. GUY Jr. and ALAN E. NORRIS, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Gills, a pro se Kentucky prisoner, was convicted after a jury trial in 1986 of one count of reckless homicide. Under the newly enacted "Truth in Sentencing" Act of Ky.Rev.Stat. Sec. 532.055, a bifurcated sentencing portion of the trial was conducted before the jury which convicted him. Pursuant to the jury's deliberations, Gills was sentenced to five years, the maximum punishment he could receive under Kentucky law. After exhausting his state court remedies, Gills sought a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. In his petition, Gills claimed that application of Ky.Rev.Stat. Sec. 532.055 violated the ex post facto prohibitions of the federal and state Constitutions, in that the statute was not in effect at the time he committed the crime. In addition, Gills argued that the statute violated Kentucky laws of statutory construction.
 
 
 4
 The matter was submitted to the United States magistrate, who recommended that the respondent's motion for summary judgment be granted. The magistrate concluded that Ky.Rev.Stat. Sec. 532.055 merely effected a procedural change and did not increase the quantum of punishment attached to the crime for which Gills was convicted. The district court adopted the magistrate's recommendations, over the petitioner's objections, and denied the petition for a writ of habeas corpus. On appeal, petitioner raises the same arguments asserted in the district court.
 
 
 5
 Upon review, we affirm the judgment of the district court. No ex post facto violation occurs where the change in the law is merely procedural and does not effect a change in the quantum of punishment attached to the crime. See Dobbert v. Florida, 432 U.S. 282, 293-94 (1977). The enactment of Ky.Rev.Stat. Sec. 532.055 simply provides for a bifurcated jury sentencing scheme, and does not change the quantum of punishment imposed within the range provided by law. We conclude that the ex post facto prohibition contained in the United States Constitution was not violated under the circumstances of this case.
 
 
 6
 Gills' claim that the challenged statute's retrospective application is barred by the Kentucky statutory provision contained in Ky.Rev.Stat. Sec. 446.080(3) is not a basis for federal habeas relief. The Kentucky Supreme Court dispositively addressed the issue in Commonwealth v. Reneer, 734 S.W.2d 794 (Ky.1987). Accord Ballard v. Commonwealth, 743 S.W.2d 21 (Ky.1988). The rulings by the state's highest court with respect to state law are binding on the federal courts. Wainwright v. Goode, 464 U.S. 78, 84 (1983). Furthermore, a question of purely state law cannot serve as a basis for federal habeas relief. Spalla v. Foltz, 788 F.2d 400, 405 (6th Cir.), cert. denied, 479 U.S. 935 (1986).
 
 
 7
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation