**Ferry MUSE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 88–CA–000498–MR.**

Court of Appeals of Kentucky.

Sept. 15, 1989.

Discretionary Review Denied by Supreme Court Nov. 22, 1989.

Robert B. Cetrulo, Asst. Public Advocate, Covington, for appellant.

Frederic J. Cowan, Atty. Gen., and David A. Sexton, Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, MILLER and McDONALD, JJ.

CLAYTON, Judge.

This matter arises from the trial of appellant, Ferry Muse, on two counts of rape in the second degree. Muse was found guilty by the jury and was sentenced to five years on each count, which are to run consecutively. We affirm.

The sole issue presented on appeal concerns that admissibility of a prior inconsistent statement of the complaining witness, "J.S." At trial, J.S., who was twelve at the time the offenses took place and is a special education student, retracted her charges against Muse, who is her stepfather's brother. The Commonwealth then introduced an unsworn videotaped statement made by J.S. to her social worker when the initial complaint was made. Present at the time the statement was given were J.S., the social worker, a state trooper, and the camera operator. Therein, J.S. stated that on two occasions Muse had raped her. Thereafter, Muse introduced another videotaped statement made by J.S., which was taken shortly before the trial by Muse's attorney, in which she indicated she had made up the charges against Muse. There was testimony at trial that J.S. first made an effort to retract the charges approximately one month after they were made. We note the disputed testimony as to whether J.S. made the retractions voluntarily or at the demand of her mother and of her stepfather's family. There was also testimony from J.S.'s treating physician that J.S. had told her that Muse had raped J.S. on three occasions.

The issue of the admissibility of an unsworn prior inconsistent videotaped statement requires an analysis of interrelationship of *Jett v. Commonwealth*, Ky., 436 S.W.2d 788 (1969), and *Gaines v. Common-*

*wealth,* Ky., 728 S.W.2d 525 (1987), and *Ballard v. Commonwealth,* Ky., 743 S.W.2d 21 (1988). *Jett,* and its progeny, establish that the credibility of all witnesses, including one's own witness, may be impeached by prior inconsistent statements. Moreover, when a witness has testified as to some facts regarding the case, the jury is entitled to know all that the witness has said on the subject, provided the prior statements are relevant to the merits of the case and not simply collateral. If the prior out-of-court statement is material and relevant, then it may be received into evidence through the testimony of another witness both as an impeachment tool and as substantial evidence of the facts stated. The trial court has broad discretion regarding the decision as to whether to admit evidence that contradicts a witness's testimony at trial. *Jett,* 436 S.W.2d at 792; *See* CR 43.08; RCr 13.04; and *Wise v. Commonwealth,* Ky.App., 600 S.W.2d 470 (1978). *Gaines* and *Ballard* hold that KRS 421.350(2) is unconstitutional, which purported to allow the admission of an unsworn out-of-court statement of an infant complaining witness without a prior determination of the competency of the witness. *Gaines,* 728 S.W.2d at 527–28; *Ballard,* 743 S.W.2d at 22. It was also held that it is of no consequence if the infant witness was "declared competent to testify and took an oath *after* the videotape was played." *Ballard,* 743 S.W.2d at 22 (emphasis in the original).

We note that if the prior inconsistent statement had been related to the jury by either the social worker or the state trooper, both of whom were present when the videotape was made rather than by playing the videotape, there would be no question that *Jett* would validate its admissibility. Thus, the question actually presented is the effect of videotaping and using the videotape of a prior statement under *Jett.* We further note that J.S. was held to be competent to testify and swore to tell the truth before any videotape was played.

We hold that the videotape of J.S.'s prior statement was properly admitted. We do not think it is material that the prior statement was introduced through a videotape of it. In fact, it can be argued that a videotape of the actual statement is preferable to having a second witness testify as to what the first witness said previously because the jury would be able to discern more of the first witness's demeanor and the exact statement made on the videotape. Moreover, the concerns of *Gaines* and *Ballard* have been met since J.S. was held competent and sworn before the videotape was played. There was, therefore, no error in admitting the videotape of the unsworn prior inconsistent statement of J.S.

Since the videotape was properly admissible, it was not clearly unreasonable for the jury to find guilt based upon the evidence as a whole. *Trowel v. Commonwealth,* Ky., 550 S.W.2d 530, 533 (1977); *See also Commonwealth v. Sawhill,* Ky., 660 S.W.2d 3, 5 (1983).

The judgment of the Hart Circuit Court is affirmed.

McDONALD, J., concurs.

MILLER, J., dissents but files no separate opinion.