Kenton R. SMITH, Commonwealth's Attorney for the 46th Judicial District, Appellant

v.

Robert A. MILLER, Judge of the Breckinridge Circuit Court, Division II, Appellee.

No. 2002–SC–0282–DG.

Supreme Court of Kentucky.

Feb. 19, 2004.

Kenton R. Smith, Brandenburg, for Appellant.

Robert A. Miller, Brandenburg, for Appellee.

Opinion of the Court by Justice KELLER.

## I. INTRODUCTION

Appellant appeals from the Court of Appeals's affirmance of Appellee's order holding Appellant in contempt of court for violating Appellee's separation-of-witnesses directive during a trial. Because we find that Appellant did not violate Appellee's separation-of-witnesses directive, which prohibited witnesses from discussing their trial testimony with other witnesses, we reverse the Court of Appeals and vacate Appellee's contempt order.

## II. BACKGROUND

During a criminal trial in the Breckinridge Circuit Court, after Appellee had "invoked the rule,"[1] the defendant in the trial approached a witness, who had been subpoenaed by both parties, and made a statement to the witness who immediately went to Appellant and reported the defendant's statement. The contact between the witness and the defendant occurred in a courthouse hallway during a recess in the trial after the defendant's opening statement. Then, during his cross-examination of the defendant, Appellant attempted to use defendant's statement to the witness as a prior inconsistent statement in order to impeach the defendant's credibility. The defense objected to this

line of inquiry, and Appellee held a hearing in chambers and sustained the defense objection.

While the jury was deliberating, Appellee, who suspected that a violation of his directive regarding the separation of witnesses had occurred, held a hearing for the purpose of determining if his directive had in fact been violated. After the hearing, Appellee found that the defendant, the witness, and Appellant had violated his directive by their conduct,[2] adjudged each in contempt, and imposed a fine of $25.00 on each of them, but suspended payment of the fine "on condition he [or she] not violate any other orders of court for a period of six months." Only Appellant appealed from Appellee's contempt order. The Court of Appeals affirmed Appellee's contempt order. We granted Appellant's motion for discretionary review, and finding no violation by Appellant of Appellee's directive regarding separation of witnesses, we reverse and vacate the contempt order.

## III. ANALYSIS

KRE 615, which addresses the exclusion of witnesses during trial, provides:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses and it may make the order on its own motion. This rule does not authorize exclusion of:

(1) A party who is a natural person;

(2) An officer or employee of a party which is not a natural person designated as its representative by its attorney; or

---

1. This phrase is commonly used to describe the trial court's directive excluding witnesses from the courtroom during the testimony of other witnesses.

2. In his written "Findings of Fact, Conclusions of Law and Order," Appellee specifically found: "(1) the Defendant, Norman Brian

Rittenberry, (2) Rhonda Ledford and (3) Commonwealth Attorney Kenton Smith are in contempt of court for having communicated with one another in violation of the court's separation directive acknowledged by the Defendant and Ms. Ledford."

(3) A person whose presence is shown by a party to be essential to the presentation of the party's cause.[3]

KRE 615 superseded RCr 9.48.[4] Both rules, however, are very similar except RCr 9.48 "giv[es] the trial court broad discretion with regard to the separation of witnesses[;]"[5] whereas, "KRE 615 makes exclusion mandatory and removes the separation of witnesses from the trial judge's discretion in the absence of one of the enumerated exceptions."[6] This difference between the rules is not relevant to the inquiry here because Appellee ordered a separation of the witnesses. Therefore, prior cases construing RCr 9.48, as well as CR 43.09, are helpful in construing the more recently enacted KRE 615.

■■■ The specific purpose of the separation of witnesses rule is to prevent witnesses from hearing the testimony of other witnesses:

> The reason for the adoption of the rule is to prevent the witnesses excluded from hearing the testimony of other witnesses with the possible result that the

testimony of the others might lead the witness to answer in such manner as to conform with other testimony, even though, as is often the case, the witness herself is not conscious of this subtle influence.[7]

Additionally, it is stated that "[t]he purpose behind the separation of witness rule is to insure the integrity of the trial by denying a witness the opportunity to alter his testimony."[8] Although this Court has "uniformly interpreted the separation rule as providing a trial judge broad discretion to permit or refuse to permit a witness to testify who has violated the rule,"[9] this Court has held that "[t]he rule clearly does not restrict trial counsel's freedom to confer with his own witness during trial."[10] Accordingly, a trial judge's directive that prohibits counsel from conferring with his or her own witness during the trial is an abuse of discretion.[11] We would add, however, that if counsel intentionally related to witnesses yet to testify the testimony already given during the trial by other witnesses, counsel would be engaging in a violation of the rule, and the trial court

---

3.  KRE 615.

4.  *Mills v. Commonwealth*, Ky., 95 S.W.3d 838, 840–41 (2003); ROBERT G. LAWSON, THE KENTUCKY EVIDENCE LAW HANDBOOK § 11.30[2], at 890 (4th ed. 2003) [hereinafter LAWSON, KENTUCKY EVIDENCE LAW] citing Evidence Rules Study Committee, Kentucky Rules of Evidence–Final Draft, p. 66 (Nov. 1989) ("Drafters of the Evidence Rules . . . clearly intended that KRE 615 would replace the separation provisions of the Civil and Criminal Rules and govern the separation issue in both civil and criminal cases.").

5.  *Mills*, 95 S.W.3d at 840.

6.  *Id.* at 841.

7.  *Speshiots v. Coclanes*, 311 Ky. 547, 552, 224 S.W.2d 653, 656 (1949).

8.  *Reams v. Stutler*, Ky., 642 S.W.2d 586, 589 (1982).

9.  *Jones v. Commonwealth*, Ky., 623 S.W.2d 226, 227 (1981); 7 KURT A. PHILIPPS, JR, KENTUCKY PRACTICE, RULES OF CIVIL PROCEDURE ANNOTATED, Rule 43.09, cmt. 2 (5th ed. West Group 1995) ("The practical purpose of [CR 43.09] is to help preserve the integrity of a witness' testimony by authorizing his removal from the courtroom so that he will not be influenced by the testimony of other witnesses at a hearing or a trial.").

10. *Reams*, 642 S.W.2d at 589. *Compare Perry v. Leeke*, 488 U.S. 272, 283–84, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989) ("[T]he judge must also have the power to maintain the status quo during a brief recess in which there is a virtual certainty that any conversation between the witness and the lawyer would relate to the ongoing testimony.").

11. *Reams*, 642 S.W.2d at 589.

would be authorized to take appropriate action. Although KRE 615 does not provide a remedy for its violation, exclusion of the testimony of the witness who heard or was informed of the testimony would seem the appropriate remedy in most cases.[12] "A mechanical exclusion or admission of the testimony of such a witness (reflecting failure to exercise any discretion at all) is offensive to this approach and likely to produce a reversal on appeal."[13] Thus, a violation without prejudice would not entitle a party to any relief.[14]

 In the present case, the defendant had not yet testified, and therefore, he could not possibly have related the substance of his testimony to the witness. He only informed her of information that was later helpful to Appellant in his cross-examination of the defendant. Considering the circumstances, the language of KRE 615, and the purpose of the separation-of-witnesses rule, i.e., "to prevent the witnesses excluded from hearing the testimony of other witnesses," there was no violation, either literal or in spirit, of the separation-of-witnesses rule committed by the defendant, the witness, or Appellant.[15] Certainly, Appellant did not violate Appellee's directive. Accordingly, Appellee erred in finding Appellant in contempt.

In his brief to the Court of Appeals and in the letter he filed in lieu of a brief with this Court, Appellee alludes to a possible violation of a discovery order by Appellant when he failed to disclose the defendant's statement "to the court or opposing counsel." This was not the basis for Appellee's contempt order, and accordingly, it is not an issue in this appeal.

## IV. CONCLUSION

The decision of the Court of Appeals affirming the trial court is reversed, and the contempt order is hereby vacated.

All concur.

---

12. *See* LAWSON, KENTUCKY EVIDENCE LAW, *supra* note 4, § 11.30[4], p. 892.

13. *Id.*

14. *Id.*, § 11.30[5], at 893.

15. *Commonwealth, Dept. of Highways v. Riley*, Ky., 414 S.W.2d 883, 884–85 (1967) ("One purpose of the rule is to keep a witness from being influenced by the testimony of other witnesses. Another is to insure that a witness not be given a chance to adjust his testimony in advance so as to avoid conflict with the testimony of other witnesses. We think the spirit of the rule was not violated in the instant case, because the engineer was merely stating the physical engineering facts, concerning which there was no dispute. Nothing in his testimony was liable to influence any other witness to change his testimony.").