CASE 97—INDICTMENT—DECEMBER 13.

# Cargill v. Commonwealth.

APPEAL FROM GRAVES CIRCUIT COURT.

1. DETAINING WOMAN AGAINST HER WILL—EVIDENCE.—Upon a trial for the offense of detaining a woman against her will with intent to have carnal knowledge with her, it is not competent for the accused to prove specific acts of unchastity upon the part of the prosecutrix with other men.

2. SAME—CONFESSIONS.—Statements of the defendant which showed that the woman was a willing party to all that occurred did not in the least degree amount to a confession, and proof of such statements did not authorize an instruction to the jury that a confession of a defendant, not made in open court, will not warrant a conviction unless accompanied with other evidence that such an offense was committed.

3. INTRODUCTION OF TESTIMONY OUT OF TIME — DISCRETION OF

Cargill v. Commonwealth.

COURT.—The court did not abuse its discretion in permitting the State, after the close of the evidence on both sides, to introduce a witness and prove by her a statement of the accused. The trial court has a broad discretion in such a matter, and in the absence of a manifest abuse of this discretion its action should not be disturbed.

4. ARGUMENT TO JURY.—The statement of the attorney for the State in his argument to the jury that the testimony of the accused showed him to be an infamous, perjured scoundrel, did not pass the proper limit, looking at the evidence from his standpoint.

5. IT IS PROPER FOR THE JURY IN RETIRING TO DELIBERATE IN A CRIMINAL CASE, TO TAKE WITH THEM THE INDICTMENT; and the accused having failed to object at the time he can not afterward complain that the indorsement of a former verdict was allowed to remain on the indictment when taken by the jury.

SMITH & ROBBINS FOR APPELLANT.

1. It was error to allow the jury to take the indictment with a former verdict of guilty indorsed upon it. (Smith v. Commonwealth, 11 Ky. Law Rep., 219; Brewer v. Commonwealth, *Idem*, 601–2.)

2. The court erred in refusing to instruct the jury as to the effect of a confession on the part of defendant. (Criminal Code, sec. 240.)

3. It was error to allow the Commonwealth, after both sides had closed, to introduce testimony to contradict defendant.

4. The court should have permitted witnesses to testify that up to the time the prosecuting witness brought this charge against defendant they were having sexual intercourse with her.

5. The action of the Commonwealth's attorney in denouncing defendant as "an infamous, perjured scoundrel" is sufficient to authorize a reversal.

6. The verdict is not sustained by the facts.

W. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

1. The action of the court in allowing the jury to take the indictment with the former verdict indorsed upon it is not a reversible error.

2. It was the province of the jury to determine whether the detention was against the will of the woman, and as they have, under liberal instructions, decided that point against defendant, this court will not interfere.

3. The court properly refused to allow evidence of particular acts of unchastity on the part of the prosecuting witness. (Greenleaf on Evidence, vol. 3, sec. 214.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

This is the second conviction of the appellant, Frank

Cargill, for detaining Lillian Yarbroger against her will with the intention of having carnal knowledge with her.

The punishment awarded on the first trial was three years, and upon the last trial three and a half years, in the penitentiary.

The case upon the former appeal will be found reported in the 12 Ky. Law Reporter, page 149.

The testimony is quite conflicting whether the conduct of the appellant was against her will. But under the rule that governs this court in a criminal case, the fact that it is conflicting forbids a reversal, although the weight of the evidence may seem to us to be upon the side of the appellant. In such case the finding of the jury is conclusive, and in the absence of substantial legal error the verdict must stand.

Complaint is not made of the instructions, save it is said the entire law of the case was not given to the jury. It is urged that this consisted in failing to instruct, under section 240 of the Criminal Code, which provides that a confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other evidence that such an offense was committed. A case was not however presented for such an instruction.

A witness testified to what the accused had sworn upon the former trial. It did not however, in the least degree, amount to a confession. His then testimony, as proven by this witness who was then a juror, if true, showed that he did not commit the offense charged, but that the woman was a willing party to all that occurred.

After the close of the evidence upon both sides the court permitted the State to introduce a witness and prove by her a statement of the accused. The trial court

Cargill v. Commonwealth.

has, in the interest of justice, a broad discretion in such a matter, and, in the absence of a manifest abuse of this discretion, its action should not be disturbed, and there is no sufficient reason to do so in this instance.

The accused offered to prove specific acts of unchastity with other men.   The evidence was properly rejected.   If this were true, it would not have shown that the appellant was not guilty of detaining her for an immoral purpose against her will.

In rape the character of the prosecutrix for chastity may be impeached, but it must be done by evidence of her general reputation, and not by proof of particular instances of unchastity.   (3 Greenleaf on Evidence, sec. 214.)

While the language of the State's attorney in the argument of the case was quite emphatic in saying that the testimony of the accused showed him to be an infamous, perjured scoundrel, yet it did not pass the proper limit, looking at the  evidence from his standpoint.

The ground mostly relied on in argument for a reversal is, that the jury, when they retired to make their verdict, took with them to their jury room the indictment, and that upon the back of it was written the former verdict.

The Criminal Code, section 248, provides that a jury, when retiring to deliberate as to a finding, may take with them all papers and other things that have been given in evidence.

It has always been customary and is proper for them to take the indictment.   That the indorsement of the former verdict was allowed to remain on it was of course an oversight; but the appellant made no objection, and it was his business, as much as that of the other side, to see

that the proper papers were taken by the jury, and if not being done, to call the court's attention to it.   By proper vigilance upon his part his right of objection would have been available to him.

An accused has a right, of which he can not be deprived, to be in court when the case is submitted to the jury.   He has a right to see what papers they take to their jury room and to make any question he desires relative thereto.

If the jurymen or any of them saw the indorsement, it does not appear, however, to have controlled their verdict. They did not find a like one, and the judgment is affirmed.