## Beshears v. Commonwealth.

(Decided June 12, 1931.)

CHARLES G. FRANKLIN for appellant.

J. W. CAMMACK, Attorney General, and S. B. KIRBY, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

On February 5, 1931, the grand jury of Hopkins county returned an indictment against appellant and defedant below, Ray Beshears, charging him with unlawfully possessing spirituous, vinous, malt, and intoxicat-

ing liquor, and it was appropriately averred in the indictment that defendant had, since March 22, 1922, when our present prohibition law took effect, committed the same offense and for which he had been previously convicted in the Madisonville police court. Defendant's demurrer to the first offense charged in the indictment was overruled, and at his trial under his plea of not guilty he was convicted and given a felony punishment of confinement in the penitentiary for two years. His motion for a new trial was overruled, and he prosecutes this appeal. Learned counsel urges in this court four grounds for a reversal of the judgment, and which are: (1) error of the court in overruling defendant's demurrer to the part of the indictment to which it was directed; (2) error in overruling defendant's motion to find him not guilty of the first offense charged in the indictment; (3) error in overruling defendant's objection to evidence offered by the commonwealth, and permitting it to be introduced; and (4) error in allowing the commonwealth to introduce additional testimony in chief after it had rested and defendant had offered and moved the court to peremptorily acquit him, and which motion had been argued by counsel for both sides. They will be disposed of in the order named.

1. The argument in support of ground 1 is that it was and is essential to a good indictment accusing defendant of committing a second offense under the statute to allege in its *accusatory* paragraph the commission of and conviction for the first offense against the same statute before the commonwealth may demand and obtain the felony punishment provided for a second conviction thereunder, and that, since the present indictment only said in its accusatory part that, "it being his second offense," it was bad, for the reason stated, in so far as it charged a first violation. The *descriptive* part of the indictment *did* set out in approved form the first conviction for a violation of the statute so as to demand the infliction of a felony punishment of defendant if he was guilty of the second offense charged in the indictment and for which he was indicted and being tried; but learned counsel in his argument supra proceeds upon the theory that a second offense against the statute, and for which confinement in the penitentiary may be inflicted, is itself a felony, if the commonwealth chooses to make it so by charging the first conviction, and which felony consists in violating the statute the second time,

and all of which should be appropriately stated in the accusatory part of the indictment because it is a component part of the *name* of the crime for which defendant is indicted, and which is *described* in the descriptive part of the indictment.

If the premise of counsel was correct, there would be some foundation for his argument, but the fault found with his conclusion consists in the error of his premise. Both offenses are but violations of the prohibition statute, and they are no more different in kind than if the statute had said that for a second violation of the statute the offender should be fined twice as much as he could be for the commission of the first offense, and confined in jail for a period twice as long as that provided for his first violation. See Ky. Stats., sec. 2554a-2. The fact that the punishment provided for the second violation is of the character and kind visited upon those who commit felonies in the commonwealth is not sufficient to, and it does not, change a second violation of the statute from one class of crimes into another one. Therefore, all that is necessary to be stated in the accusatory part of an indictment for a second violation of the statute is only that which is required to be stated in that part of the indictment for a first violation; i. e., that defendant was guilty of unlawfully possessing intoxicating liquors, and to follow it with a statement in the descriptive part of the indictment of the facts constituting that charge, plus a statement, in appropriate language, showing the first conviction so as to entitle the commonwealth to demand the penitentiary punishment for the second conviction. See 31 C. J. 734, 735, secs. 282 and 283. A portion of the text of the latter section says:

"A prior conviction should be alleged directly and not by recital. The indictment must set out the time and place of the first conviction, and that the previous conviction was for an offense committed before the commission of that for which the prisoner is on trial. However, it is not necessary to allege previous convictions with the same particularity as if the party was charged originally with the commission of such an offense, some courts holding, in this connection, that the prior convictions are not elements of the subsequent offense. Such allegations only are necessary as to give accused notice that a

greater penalty is sought to be inflicted than for the first offense.''

In note 84 to that text, there are cited these cases in its support: Rawlings v. Commonwealth, 191 Ky. 401, 230 S. W. 529, 530; State v. Webb, 36 N. D. 235, 162 N. W. 358; Neece v. State, 62 Tex. Cr. R. 378, 137 S. W. 919; Howard v. State, 139 Wis. 529, 121 N. W. 133; Dahlgren v. State, 163 Wis. 141, 157 N. W. 531. In the Rawlings Case from this court we held, following other cases cited in that opinion, that ''the increased punishment provided by the 'Habitual Criminal Act' was no element or ingredient of the principal offense charged in the indictment,'' and that ''the allegations of former convictions need not be contained in a separately numbered count *from* the accusatory part of the indictment.'' (Our emphasis.) Two defendants were accused in the same indictment in that case, and it was charged against one of them that he had been convicted of a felony prior to the commission of the one for which he was indicted, but no such charge was preferred against his codefendant in the indictment, and the one who was not charged with a first offense, so as to be subject to the provided increased punishment, urged that two offenses were charged in the indictment; one against the defendant who was charged with committing a first felony, and another distinct one against the defendant not so charged. But we disposed of that contention thus: ''But that fact is not true, since each of them is charged with the same offense, with additional facts alleged against Spivey affecting only the punishment which the jury might, in its discretion, visit upon him if he was convicted, but which additionally alleged facts were not intended to, nor do they in the least, affect the question of the guilt or innocence of Rawlings. We therefore find no merit in this contention.'' Compare also the case of Morgan v. Commonwealth, 170 Ky. 400, 186 S. W. 132.

Therefore, there being no necessity or requirement for the conviction for the first offense in this case to be stated in the accusatory part of the indictment as an element of the offense for which defendant was indicted, the employment of the words, ''it being his second offense,'' was, entirely unnecessary, and that language, as counsel expressly concedes in his brief, was and is surplusage pure and simple, and cannot and does not affect the validity of the indictment; nor does it

alter the rights of the accused thereunder in any respect whatever.

2, 3. Grounds 2 and 3 are interdependent, and for that reason will be considered together. They are bottomed upon the contention that the evidence offered in proof of the first conviction did not measure up to the requirements of the law so as to be competent for that purpose for various reasons discussed in brief of counsel, among which are, that the judgment of the first conviction was upon a book that was never identified as a "Madisonville police court docket or judgment or order book," nor was it shown to be the original judgment of conviction against defendant. Furthermore, it is contended that the name of the court rendering that judgment did not appear in its *caption*, and that the latter (caption) appeared on the book introduced upon one page and the judgment on the next page. Also that the introduced judgment of the first conviction did not state in its body the offense for which the conviction was had, although that fact *was* stated in the caption to the judgment. Lastly, it is contended, that the judgment of conviction for the first offense charged was inadmissible because it appeared thereon that the prosecution was in the name of the "City of Madisonville" instead of in the name of "The Commonwealth of Kentucky." In support of some of those objections, counsel cites and relies on the case of McKiney v. Commonwealth, 202 Ky. 757, 261 S. W. 276. But the facts of that case were so widely different from those appearing in this one as to render it entirely inapplicable.

The proof of the former conviction in this case was made by the present police judge of the Madisonville police court, Hon. Edward L. Young. He testified that he was judge of that court, and that he was the keeper of its records containing its judgments, and from which he produced and read to the jury a judgment, the caption of which said: "City of Madisonville v. Ray Beshear, unlawfully having in his possession intoxicating liquor." It was then recited: "Defendant pleaded guilty and the court fixed his punishment at a fine of $200.00 and thirty days in jail." That statement was followed by a judgment in due form and signed: "H. F. S. Bailey, Judge." Ex-Judge Bailey was then introduced and testified that he was the police judge of the city of Madisonville on the 27th day of March, 1929, the date of the rendition of the judgment, and he identified defendant therein as being

the same person who was convicted therein. Whereupon the commonwealth closed, and defendant declined to introduce any proof, and then offered his motion for a peremptory instruction, which, as we have seen, was argued by counsel for both sides, and it was developed therein that the commonwealth had failed to show that the first conviction was for an offense committed *after* the taking effect of our present prohibition statute. The policeman who arrested defendant upon his first charge was then introduced to and did prove that fact, and it is of this action of the court that complaint is made in ground 4, supra.

From what we have said it clearly appears that the book from which the police judge read the judgment of defendant's first conviction was the docket of the Madisonville police court, and that defendant was therein charged with "unlawfully having in his possession intoxicating liquor," but which statement did not appear in the body of the judgment, but only in its caption and which we conclude was and is sufficient to make the judgment competent evidence to prove the first conviction of defendant in this case. Neither does the fact that the caption of the judgment styled the case as "City of Madisonville v. Ray Beshear" render it incompetent for that purpose. Technically, it would have been more appropriate to have styled the prosecution as "Commonwealth of Kentucky, for the Use and Benefit of the City of Madisonville, v. Ray Beshears"; but the judgment itself says: "Wherefore, it is adjudged that the commonwealth of Kentucky, for the use and benefit of the city of Madisonville, recover of the defendant" etc. We conclude that with that statement in the judgment any defect in its caption, if any, was cured and also it demonstrates that the fine was assessed and the judgment recovered for a violation of our prohibition statute according to the method pointed out by the statute itself where the offense is one entitling the city to the recovered penalty imposed as a punishment therefor. It is, therefore, concluded that the argument of learned counsel against the admission of the evidence under consideration is based upon a misconception of the facts and, therefore, unwarranted in this case, although it might be applicable and pertinent under a different state of facts, as was true in the cases cited and relied on. In them the facts necessary to render the judgment of the former conviction compe-

tent as evidence were wanting; but here, as we have seen, such facts were made to appear, although some of them were not made to appear in the strictest and most formal manner. We therefore conclude that grounds 2 and 3 are not sustained by the record, and they are therefore unavailable.

4. Ground 4, as we have seen, rests upon the alleged error of the court in permitting the policeman, who arrested defendant on the first charge preferred against him, to testify and state when the first offense was committed by him That it is competent to prove that essential fact by parol was held by us in the case of Thacker v. Commonwealth, 228 Ky. 819, 16 S. W. (2d) 448; but the objection to it here is directed to the stage of the trial when the court permitted it to be introduced; i. e., afer the commonwealth had rested and defendant had filed his motion for a peremptory instruction of acquittal. It will be noted that defendant had neither introduced nor offered to introduce any evidence at the time the policeman was permitted to testify, nor did he do so after that witness testified. He urges no surprise because of that testimony, nor does his counsel advance any reason why his client's rights were materially or otherwise prejudiced thereby. In the absence of some material prejudice growing out of a complained of error, we would not be authorized to reverse the judgment under the express provisions of section 340 of the Criminal Code of Practice. Therefore, if it should be held that the court erred in admitting that testimony under the outlined circumstances, we still would not be authorized to reverse the judgment, unless the error materially prejudiced defendant's substantial rights.

However, we do not conclude that the court erred in any particular in allowing that testimony to be given at the time it was. Even where defendant had introduced all of his testimony in chief we have in a number of cases said that it was within the sound discretion of the trial court to permit the commonwealth to introduce evidence in chief after resting or announcing through with its introduction of such proof and that such departure from orderly procedure would not alone produce grounds for reversing the judgment, unless in doing so the court abused a sound discretion resulting in substantial prejudicial error. That rule of practice has been so often declared that we deem it unnecessary to append the cases

in which it was announced, but some of which are Moore v. Commonwealth, 143 Ky. 405; 136 S. W. 608; Cargill v. Commonwealth, 93 Ky. 578, 20 S. W. 782, 14 Ky. Law Rep. 517, and other cases cited therein. Other later ones are to the same effect. In the earlier case of Commonwealth v. Patterson, 8 S. W. 694, 10 Ky. Law Rep. 167, it was held that the trial court abused its discretion in refusing to permit the commonwealth to prove the venue of the offense after it had announced through with its testimony in chief; and which we conclude supports the action of the trial court in permitting the policeman to testify in this case under the same or similar circumstances.

Wherefore, perceiving no error prejudicial to the substantial rights of the defendant, the judgment is affirmed.