**Bill RICHARDSON, a/k/a William Baxter and William Richey, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 31, 1972.

As Modified on Denial of Rehearing
June 23, 1972.

Jerry L. Moore, Jerry F. Safford, Bell, Orr, Ayers & Moore, Bowling Green, for appellants.

John B. Breckinridge, Atty. Gen., John C. Ryan, Special Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Chief Justice.

Bill Richardson was convicted on six counts of forgery. He was sentenced to serve consecutively six three-year terms in the state reformatory. He appeals. We affirm.

Richardson argues here that the court erred by admitting in evidence a letter which tended to show that he was guilty of crimes other than those charged. It was written by Richardson while he was in jail awaiting trial; was addressed to the party upon whose account the checks were forged; and stated that he had previously served three years in the penitentiary, manifested his guilt and offered restitution. Richardson's trial counsel objected to the introduction of the letter " * * * on the grounds that the defendant was not at that

time advised of his rights to remain silent * * *."

■ The grounds stated on this appeal as the basis for excluding the letter are different from those asserted at the trial and were never brought before the trial court; wherefore, we are precluded from considering them. Shockley v. Commonwealth, Ky., 415 S.W.2d 866 (1967). Also see 24 C.J.S. Criminal Law § 1677, p. 1167, stating:

"An objection made in the trial court will not be treated in the appellate court as raising any question for review which is not within the scope of the objection as made, both as to the matter objected to and as to the grounds of the objection, so that the question may be fairly held to have been brought to the attention of the trial court."

■ The jury was permitted to have the indictment in its possession during deliberation. Richardson claims. this caused evidence of other charges to come to its attention. The indictment originally contained a recitation of ten charges, including four counts for which Richardson was not tried. Three of these had been torn off. In the margin of the page and adjacent to the remaining count on which Richardson was not being tried appeared the handwritten word "out". There was no indication as to why this charge was not being tried; it could have been because the Commonwealth had found no merit in it. We find no prejudice was suffered by Richardson because of this occurrence. Furthermore, his counsel, as well as the Commonwealth's attorney, stated in their closing arguments what counts were being tried. The court gave instructions on only the six counts tried, and the jury convicted on these counts only.

■ It was said in Harrold v. Commonwealth, 10 Ky.Law Rep. 70, 8 S.W. 194 (1888), and Cargill v. Commonwealth, 14 Ky.Law Rep. 517, 93 Ky. 578, 20 S.W. 782 (1892), that it is customary and not improper for the jurors to take the indictment with them for deliberation; however, later cases consistently discouraged this practice. See Williams v. Commonwealth, 182 Ky. 711, 207 S.W. 447 (1919). Except in unusual situations which we cannot foresee, the indictment has no place in the hands of the jury and should not be permitted in the jury room. RCr 9.72.

■ Concerning Richardson's claim that he was prejudiced by the Commonwealth's closing argument, we cannot consider the matter because he failed to voice an objection during the trial. Barnett v. Commonwealth, Ky., 403 S.W.2d 40 (1966).

■ Richardson charges that the court erred in overruling his motion to exclude any evidence to be given by the Commonwealth's witnesses as to the identification of the person who passed the forged checks. This motion immediately followed an in-chambers evidentiary hearing held pursuant to United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), for determining under the guidelines of Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), whether the pretrial " * * * photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" at the trial. Here, the dangers guarded against by the rationale of Simmons did not exist. In most instances, the identifying witnesses had seen Richardson several times before the forged checks were cashed. There was a sufficient basis to afford an independent identification.

Richardson was represented by appointed counsel at the trial and by different counsel upon the appeal. However, we find no merit in his contention that this representation was in any respect inadequate.

The judgment is affirmed.

All concur.