**Chester ROWE, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

June 13, 1980.

Jack E. Farley, Public Advocate, Linda K. West, Asst. Public Advocate, Frankfort, for appellant.

Penny R. Warren, Asst. Atty. Gen., Frankfort, Steven Beshear, Atty. Gen., Frankfort, for appellee.

Before COOPER, HOWARD and WINTERSHEIMER, JJ.

COOPER, Judge.

This is an appeal from a judgment as a result of a jury verdict wherein the appellant received the following sentences:

| | | |
|---|---|---|
| 79-CR-60 .... | First Degree Robbery .. | 5 years |
| 79-CR-61 .... | First Degree Robbery .. | 5 years |
| 79-CR-62 .... | Kidnapping .. | 10 years |
| 79-CR-63 .... | Kidnapping .. | 10 years |
| 79-CR-66 .... | First Degree Sexual Abuse .. | 5 years |
| 79-CR-67 .... | First Degree Sexual Abuse .. | 5 years |

The trial judge ordered that the sentence of 10 years imposed in Indictment 79–CR–62 and a 5 year sentence imposed in Indictment 79–CR–60 run consecutively; that the remaining sentences imposed in Indictments 79–CR–61, 79–CR–63, 79–CR–66, and 79–CR–67 run concurrently, and concurrently with the aforesaid sentences in Indictments 79–CR–62 and 79–CR–60, making the total sentence imposed 15 years. The question is whether the trial court properly submitted the issue of intent for appellant's second degree robbery conviction to the jury. It is the contention of the appellee that the trial judge properly submitted this issue to the jury, and we agree.

The appellant, Chester Rowe, with Joe Edward Hopkins and Eldon Blackburn were indicted in the Pike Circuit Court for two counts each of first degree robbery, first degree sexual abuse, and kidnapping. Hopkins pled guilty prior to trial, and separate trials were granted to the appellant and Blackburn.

The two chief prosecuting witnesses called by the Commonwealth were Robert Neal Maynard and Martin Avery Leslie. It appears that Maynard and Leslie were walking to Allen, Kentucky, in Pike County when they were picked up by the three aforesaid defendants. The three defendants were riding in the front seat of an automobile as Maynard and Leslie got into the back seat. Once they were in the car, the three men began threatening them. One of the men identified as the appellant hit Maynard in the head with a beer can, which led to a long chain of events. May-

nard and Leslie were then ordered to take their clothes off which they obeyed. Shortly thereafter, the driver stopped the car to talk to a girl near the road, who was later identified as Patricia Wydrick. According to the evidence, the appellant said to the girl, "Look what we got back there," and pointed to Maynard and Leslie who were in the back seat. The appellant further stated, "We've got us two queers back there." The appellant then allegedly tried to grab the girl's arm, but she broke away. Maynard and Leslie were then ordered by the three defendants to masturbate each other. The appellant then stated that he wanted to see some real action, and according to the witnesses, ordered Maynard and Leslie to perform oral sex acts. They then proceeded on to an apparently remote section of road where Maynard and Leslie were pulled from the car by their hair. Maynard and Leslie were threatened and beaten, but finally managed to escape in their briefs. They never saw their clothing again until asked to identify them at the time of trial. Their clothing was found several days after the incident in the trunk of the co-defendant Blackburn's car.

The appellant contends he was denied due process of law because the Commonwealth failed to prove the requisite intent for his second degree robbery conviction. The appellee contends that this issue was not preserved for appeal, and, even if it were, there was sufficient evidence of intent to submit the issue to the jury. We agree. In the case of *Commonwealth v. Blair, Carpenter and Borders*, Ky., 592 S.W.2d 132 (1980), the Court stated at p. 133:

> . . . in order for the issue of the sufficiency of the evidence to be preserved for appellate review, the party wishing to use the insufficiency as a basis for his appeal must have moved for a directed verdict at the close of all the evidence, not just at the close of the Commonwealth's case in chief.

The record indicates that the appellant did move for a directed verdict at the close of all evidence, but on the following grounds:

> The defendant moves for a directed verdict of acquittal on the charge of first degree robbery and states to the court that there is no evidence that this man offered, no evidence offered by anyone that this man, this defendant, Chester Rowe, took any property belonging to the victims, Robert Maynard or Martin Avery Leslie. (sic) Transcript of Evidence pp. 276–277.

On appeal, Chester Rowe does not challenge the evidence that he took clothing belonging to the victims, but argues that the taking was merely incidental to the sexual abuse and that he lacked the requisite intent to deprive them of their property. In *Richardson v. Commonwealth*, Ky., 483 S.W.2d 105, 106 (1972), the following rule was established by the Court of Appeals:

> An objection made in the trial court will not be treated in the appellate court as raising any question for review which is not within the scope of the objection as made, both as to the matter objected to and as to the grounds of the objection, so that the question may be fairly held to have been brought to the attention of the trial court.

In the present case, the question of evidence of intent was never brought before the trial court; thus, this Court is precluded from considering this issue.

The appellant contends that the evidence of appellant's intent to rob was not sufficient to submit to the jury. He argues that the victims' clothing was taken merely as "an incident to the offense of sexual abuse." In *Slavens v. Commonwealth*, Ky., 481 S.W.2d 650, 651 (1972), the defendants were held guilty of robbery after taking the chief's pistol, car keys, and parking meter keys in an attempt to break their arrest.

In the case at bar, the victims were held captive for approximately two and one-half hours until they escaped. During this time, their clothes and shoes were taken from

them and not returned. Demands were made for money under the threat of death. During this period, the appellant and his co-indictees forced these victims to practice sexual abuse upon each other in a manner that would shock the conscience of animals if they were endowed with same. Applying the law and the standards which govern same, we are of the opinion that the appellant had his fair day in court; that he was tried by a fair judge and jury, seeking to mete out justice in cases of this kind; and that he received fair and just compensation for his acts.

The judgment is affirmed.

All concur.