# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme\ Court\ of\ Kentucky}$

FINAL

2013-SC-000775-MR

DATE 2-19-15 ExAGrauM P-C

SAMUEL DANIELS                                                                APPELLANT


ON APPEAL FROM JEFFERSON CIRCUIT COURT
V.                     HONORABLE BRIAN C. EDWARDS, JUDGE
NO. 11-CR-002546


COMMONWEALTH OF KENTUCKY                                      APPELLEE


**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

A Jefferson Circuit Court jury found Appellant, Samuel Daniels, guilty of

two counts of murder and two counts of first-degree robbery. The jury

recommended that Appellant be sentenced to life without the possibility of

parole for each count of murder and ten years' imprisonment for each count of

robbery, all to be served consecutively. The trial court imposed concurrent

sentences resulting in a total penalty of life imprisonment without the

possibility of parole or probation. Appellant now appeals as a matter of right,

Ky. Const. § 110(2)(b), asserting (1) the trial court erred in allowing

introduction of evidence tending to show that Appellant intentionally concealed

himself to avoid arrest and (2) the trial court erred by failing to exercise

independent judgment when imposing the final sentence. For the following reasons, we affirm.

## I. BACKGROUND

The victims, Mechall Acuff and Joshua Jenefor, were shot and killed shortly after midnight on July 5, 2011. A number of witnesses claimed to have seen Appellant rifling through the victims' pockets after they were shot. One witness, Hassan Areyori, testified that Appellant was the person who shot them. According to Areyori's testimony, the shooting took place after a dispute about a dice game. Areyori backed out of the game when Jenefor and another man, Deonte Neal, began arguing about money. Jenefor pushed Neal back to a wall when Appellant "just came walking up," pulled a gun, and told Jenefor to "give him everything." When Jenefor said he would not give him anything, Appellant "just started shooting." Areyori said that he ran across the street when the shots were fired and therefore did not know who got hit first by the gunfire. He said he was sure that he saw Appellant with a gun, and was also sure that neither Jenefor nor Acuff had a gun.

Alberta "Lucy" Jenefor, Joshua Jenefor's sister, was a chief witness for the Commonwealth. According to her testimony, she had known Appellant for years and considered their relationship "very close." She testified that at some point shortly after the shooting, she received a phone call and recognized the voice of the caller as that of Appellant. The caller kept repeatedly saying "I'm sorry." She asked if the caller was "Dirt," Appellant's nickname, and the speaker said that it was. At the time of the call, Lucy was already aware of her

2

brother's shooting, and apparently of Appellant's possible involvement. She asked Appellant why he had killed her brother. Appellant responded that he was high, that he was sorry, and that he did not mean to kill him. According to her testimony, Appellant said "it just went wrong" and "I didn't mean it to go down like that." On cross examination, Lucy confirmed that Appellant said he was under the influence of some intoxicant and that, to her, he seemed "not himself."

The Commonwealth also introduced the testimony of two police officers. Louisville Metro Police Officer Shelby Sears, a member of the United States Marshal's Fugitive Task Force, testified that his unit received a request to help locate Appellant in October 2011. Detective Brian Peters, the lead detective on the case, testified that he arrested Appellant on February 16, 2012 at his sister's home in Louisville. Appellant was found guilty of murder and first-degree robbery as to each victim, and sentenced as previously noted.

## II. ANALYSIS

### A. Evidence of Concealment

Appellant's first argument on appeal is that the trial court erred by admitting evidence that police and federal marshals were unable to locate Appellant for approximately four months after the crimes as evidence of concealment or flight. The jury was advised that the United States Marshal's Task Force was asked to locate Appellant in October 2011, and Appellant was arrested in February 2012. The jury was thus advised that Appellant concealed himself for about three to four months while law enforcement made

3

strenuous efforts to locate him. Appellant argues that the introduction of that evidence was more prejudicial than probative and was improperly admitted.

However, before beginning our analysis of this allegation of error, we must first note that Appellant admits his argument here on appeal is not the same as the argument presented to the trial court. This Court has long held that it will only review issues that were presented to the trial court, and that parties may not bring new legal theories concerning an alleged error for the first time on appeal. *See Elery v. Commonwealth*, 368 S.W.3d 78, 97-98 (Ky. 2012) ("An appellant preserves for appellate review only those issues fairly brought to the attention of the trial court."); *Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky. 1977) *overruled on other grounds by Wilburn v. Commonwealth*, 312 S.W.3d 321 (Ky. 2010) ("[A]ppellants will not be permitted to feed one can of worms to the trial judge and another to the appellate court."); *Richardson v. Commonwealth*, 483 S.W.2d 105, 106 (Ky. 1972) ("An objection made in the trial court will not be treated in the appellate court as raising any question for review which is not within the scope of the objection made both as to the matter objected to and as to the grounds of the objection . . . .").

At best, an unpreserved error such as the one before us is subject to review for palpable error under RCr 10.26. *Elery*, 368 S.W.3d at 98. The palpable error rule allows reversal for an unpreserved error when "manifest injustice has resulted from the error." RCr 10.26. However, Appellant has not requested palpable error review. Instead, Appellant argues that this Court can and must review on the merits any error appearing of record that an appellant

4

presents as a ground for revision of the lower court's judgment. Specifically, he argues that neither the Court of Appeals nor this Court has the discretion to deny consideration of an issue showing of record because an appellant failed to properly preserve the error at trial.

Appellant does correctly point out that this Court *can* grant relief for an error shown of record. KRS 21A.050(1). ("A judgment, order or decree of a lower court may be reversed, modified or set aside by the Supreme Court for errors appearing in the record."). However, we find his argument that this Court *must* grant relief for an unpreserved error to be without merit. Appellant asserts that previously this Court was bound to observe limitations based on failure to except or object to lower court rulings, pursuant to Section 110 of the Constitution of 1891, but that nothing in the current version of the Constitution authorizes any limit on the grant of relief.

Section 115[1] requires at least one appeal of right in criminal cases. It imposes three limits on the right to appeal, one of which is merely that an appeal shall be based on the record generated in the lower court. He claims that no other conditions are stated in Section 115 and none can be read into Section 115 by this Court. He further asserts that the absence of further

---

[1] Ky. Const. § 115 states as follows:

In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court, except that the Commonwealth may not appeal from a judgment of acquittal in a criminal case, other than for the purpose of securing a certification of law, and the General Assembly may prescribe that there shall be no appeal from that portion of a judgment dissolving a marriage. Procedural rules shall provide for expeditious and inexpensive appeals. Appeals shall be upon the record and not by trial de novo.

5

conditions in Section 115 is "doubtless" the reason that KRS 21A.050(1) and KRS 22A.060(1) are written as they are. Both statutes authorize relief for error appearing "in the record." Thus, he claims the determinative issue is error, and not compliance with preservation rules.

Additionally, he puts forth that when read with Section 2 of the Bill of Rights, it is clear that this Court has a duty under Section 115 to correct error when it is shown to exist. Section 2 states that "[a]bsolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority." Appellant asserts that it would be manifestly unfair to leave error unaddressed because a party has failed to notice it in lower court proceedings, and that this Court must grant some level of review.

As previously noted, we do not find any merit in this argument. KRS 21A.050(2) states:

> The method of bringing a judgment, order or decree of a lower court to the Supreme Court for review shall be established by Supreme Court rule. The procedures for appellate review shall be established by the Rules of Civil Procedure, Rules of Criminal Procedure and other rules promulgated by the Supreme Court.

Thus, the statute notes that procedures for appellate review shall be established by our various rules. RCr 10.26 provides:

> A palpable error which affects the substantial rights of a party *may* be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

(Emphasis added.)

As shown, while RCr 10.26 allows for our consideration of unpreserved palpable error, it certainly does not mandate it. Purusant to RCr 10.26, we may take notice of an unpreserved error, even if palpable error review is not requested, but we need not do so. Indeed, "[a]bsent extreme circumstances amounting to a substantial miscarriage of justice, an appellate court will not engage in palpable error review pursuant to RCr 10.26 unless such a request is made and briefed by the appellant." *Shepherd v. Commonwealth*, 251 S.W.3d 309, 316 (Ky. 2008). We do not find that Appellant's allegation of error here constitutes "extreme circumstances amounting to a substantial miscarriage of justice." *Id.* Accordingly, we decline to examine it on appeal. *See Gatewood v. Commonwealth*, 2009-SC-000644-MR, 2011 WL 2112566 at *9 (Ky. May 19, 2011) (declining to undertake palpable error review where Appellant did not request it).

## B. Sentencing Judgment

Appellant's second argument on appeal is that the trial court failed to exercise sufficient discretion when it sentenced Appellant to life in prison without parole in accordance with the jury's verdict. As with his first claim, this alleged error is also unpreserved. We once again decline to examine it now on appeal, as Appellant has failed to request palpable error review and brief the issue, and we do not find any "extreme circumstances amounting to a substantial miscarriage of justice." *Shepherd*, 251 S.W.3d at 316.

7

## III. CONCLUSION

Because both of Appellant's allegations of error on appeal are unpreserved, and because Appellant failed to request palpable error review for either issue, we decline to undertake palpable error review. Thus, we affirm Appellant's convictions and sentence.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Daniel T. Goyette, Lousiville Metro Public Defender of Counsel
James David Niehaus, Deputy Appellate Defender


COUNSEL FOR APPELLEE:

Jack Conway, Attorney General of Kentucky
Jason Bradley Moore, Assistant Attorney General