RENDERED: JULY 2, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1479-MR

JAY RAILTON MORGAN APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v. HONORABLE MITCH PERRY, JUDGE
ACTION NO. 17-CI-005772

FORD MOTOR COMPANY; JAMES
CARROLL; JAMES T. YOUNG;
MARY CULLER; AND ZIAD OJAKLI APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, GOODWINE, AND TAYLOR, JUDGES.

DIXON, JUDGE: Jay Railton Morgan appeals from the order dismissing his claims against Ford Motor Company ("Ford"), James Carroll, James T. Young, Mary Culler, and Ziad Ojakli,[1] entered by the Jefferson Circuit Court on August 28, 2019. Following a careful review of the record, briefs, and law, we affirm.

---

[1] Carroll, Young, Culler, and Ojakli were employees and agents of Ford at all times relevant herein.

## FACTS AND PROCEDURAL BACKGROUND

Morgan was employed by Ford for 23 years. In 2008, Morgan reported that Carroll and Young engaged in insider trading. In 2011, purportedly in retaliation for his report, Morgan was transferred from his position in Washington, D.C., to another one in Louisville, Kentucky. On December 17, 2012, Morgan was advised that Greg Fischer—mayor of Louisville, Kentucky—made "'very serious' derogatory accusations about . . . Morgan's work and conduct in Louisville as the Ford representative." Morgan was given a three-month notice of termination and an offer of early retirement. On March 28, 2013, Morgan's employment with Ford was terminated.

On June 14, 2013, Morgan brought a whistleblower action under the Sarbanes-Oxley Act of 2002[2] against Ford with the U.S. Department of Labor, Occupational Safety and Health Administration (OSHA), asserting he suffered adverse employment actions at Ford in retaliation for reporting insider trading.[3] Mediation was held in Washington, D.C. Ford asserted it had legitimate, non-retaliatory grounds to terminate Morgan because it had statements from Fischer and Dr. Kevin Cosby—President of Simmons College—that Morgan had

---

[2] 18 United States Code (U.S.C.) § 1514A.

[3] Case No. 4-1510-13-043.

committed Ford funds to build a worker training facility in Louisville. Pursuant to Ford policies, unauthorized commitment of Ford funds is grounds for termination. Despite claims he did not authorize such funds, Morgan entered into a confidential settlement agreement with Ford on August 6, 2013, for less than he felt entitled. The settlement was approved by OSHA on August 29, 2013, and the case was closed.

Morgan later filed an action against Fischer and Dr. Cosby[4] alleging they made false statements to Ford—the substance of which was that Morgan committed Ford funds without authorization—to get him fired. Ford intervened in the action, claiming Morgan improperly used confidential mediation communications—in breach of the settlement agreement—as the principal basis for his lawsuit. Both Fischer and Dr. Cosby stated in their respective affidavits that they did not make the statements, or similar statements, alleged by Morgan. Morgan did not provide any affirmative evidence to rebut the affidavits, nor did he provide evidence that, even if the statements were made, they were made with malice. Consequently, the trial court granted summary judgment against Morgan, which was subsequently affirmed on appeal by another panel of our Court on March 24, 2017.

---

[4] Jefferson Circuit Court, Case No. 13-CI-06576.

Meanwhile, on November 10, 2015, Morgan requested his original whistleblower claim be reopened, alleging Ford misrepresented its possession of statements from Fischer and Dr. Cosby concerning the unauthorized commitment of Ford funds that provided a legitimate, non-retaliatory reason for termination. On January 4, 2016, OSHA dismissed Morgan's complaint for lack of jurisdiction.[5] Morgan appealed to the Office of Administrative Law Judges. On June 9, 2017, that appeal was also dismissed for lack of jurisdiction.[6]

On October 31, 2017, Morgan filed his complaint in the case herein[7] seeking to undo his settlement with Ford, which he claimed was procured by fraud. Morgan asserts he was forced to accept a reduced settlement because "Ford" told him—at mediation—that Fischer and Dr. Cosby made statements to Ford that would constitute grounds for the termination of Morgan's employment. Appellees moved the trial court to dismiss this action for lack of personal jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted. After the motion was briefed and arguments heard, the trial court entered its opinion and

---

[5] Case No. 4-1221-16-001.

[6] Case No. 2016-SOX-00019.

[7] In his complaint, Morgan describes Culler as one of his supervisors at Ford who took adverse employment actions against him and Ojakli as one of his superiors at Ford who was very angry with him for reporting Ojakli's friend, Young, for insider trading.

order granting the motion to dismiss the complaint with prejudice. This appeal followed.

## STANDARD OF REVIEW

Appellees moved the trial court to dismiss this action for lack of personal jurisdiction. "Jurisdiction is a question of law, and our review is *de novo*." *Commonwealth v. B.H.*, 548 S.W.3d 238, 242 (Ky. 2018) (citations omitted). "Furthermore, '[s]tatutory interpretation raises pure questions of law, so our review is [*de*] *novo*, meaning we afford no deference to the decisions below.'" *Id.*

In the alternative, Appellees moved the trial court to dismiss the complaint under CR[8] 12.02(f) for failure to state a claim upon which relief may be granted. Kentucky's highest court has interpreted this standard, observing:

> A motion to dismiss for failure to state a claim upon which relief may be granted "admits as true the material facts of the complaint." So a court should not grant such a motion "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved. . . ." Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." This exacting standard of review eliminates any need by the trial court to make findings of fact; "rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" Since a motion to dismiss for failure to state a claim upon which

---

[8] Kentucky Rules of Civil Procedure.

relief may be granted is a pure question of law, a
reviewing court owes no deference to a trial court's
determination; instead, an appellate court reviews the
issue de novo.

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (footnotes omitted).

## JURISDICTION

Courts recognize three categories of jurisdiction: (1) subject matter jurisdiction involving authority over the nature of a case and the general type of controversy, (2) jurisdiction over a particular case involving authority to decide a specific case, and (3) personal jurisdiction involving authority over specific persons. *Hisle v. Lexington-Fayette Urban Cty. Gov't*, 258 S.W.3d 422, 429 (Ky. App. 2008). Here, the trial court found it did not have personal jurisdiction over the Appellees—who are neither Kentucky citizens nor a Kentucky corporation— under Kentucky's long-arm statute.

In relevant part, Kentucky's long-arm statute, KRS[9] 454.210, provides:

> (1) As used in this section, "person" includes an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who is a nonresident of this Commonwealth.
>
> (2) (a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim ***arising from*** the person's:

---

[9] Kentucky Revised Statutes.

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or goods in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth;

. . .

(b) When jurisdiction over a person is based solely upon this section, only a claim arising from acts enumerated in this section may be asserted against him.

(Emphasis added.) Despite the lengthy factual allegations detailed in the complaint, this is a suit which hinges upon fraud, which Morgan alleges occurred at the mediation held in Washington, D.C.[10] Morgan does not allege that any tortious conduct at issue in this suit occurred in Kentucky, nor does he allege his

---

[10] Morgan's complaint consists of more than 35 pages of factual allegations, but the fraud claim is pled in less than three pages.

claims arise from the Appellees' performance of any of the acts listed under KRS 454.210, in Kentucky, which would confer the court jurisdiction over them.

Even so, Morgan asserts—for the first time on appeal—that KRS 452.450 and Section 112 of the Kentucky Constitution provide the trial court jurisdiction. However, only issues fairly brought to the attention of the circuit court are adequately preserved for appellate review. *Elery v. Commonwealth*, 368 S.W.3d 78, 97 (Ky. 2012) (citing *Richardson v. Commonwealth*, 483 S.W.2d 105, 106 (Ky. 1972); *Springer v. Commonwealth*, 998 S.W.2d 439, 446 (Ky. 1999); and *Young v. Commonwealth*, 50 S.W.3d 148, 168 (Ky. 2001)). Accordingly, Morgan waived his ability to raise arguments concerning jurisdiction under KRS 452.450 and the Kentucky Constitution by failing to raise them before the trial court.

## SETTLEMENT AGREEMENT

The trial court further found that, even if it had jurisdiction over all the parties in the case herein, Morgan's claims are barred by the terms of the settlement agreement. Settlement agreements are a type of contract governed by contract law. *See Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 105 (Ky. 2003). "A fundamental rule of contract law holds that, absent fraud in the inducement, a written agreement duly executed by the party to be held, who had an opportunity to read it, will be enforced according to its terms." *Conseco Fin. Servicing Corp. v. Wilder*, 47 S.W.3d 335, 341 (Ky. App. 2001). "'[I]n the absence of ambiguity a

-8-

written instrument will be enforced strictly according to its terms,' and a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence." *Frear*, 103 S.W.3d at 106 (citations omitted). It is also well-settled that "[t]he construction and interpretation of a contract, including questions regarding ambiguity, are questions of law to be decided by the court." *First Commonwealth Bank of Prestonsburg v. West*, 55 S.W.3d 829, 835 (Ky. App. 2000). Because the construction and interpretation of a contract is a matter of law, it is reviewed under the *de novo* standard. *Nelson v. Ecklar*, 588 S.W.3d 872, 878 (Ky. App. 2019), *review denied* (Dec. 13, 2019).

Here, the terms of the contract were clear and unambiguous. The agreement provided a release of Morgan's claims against Ford and its agents and employees. It specifically stated this release included, but was not limited to, Morgan's claims against Young, Culler, and Ojakli. This release also covered any and all of Morgan's claims against Ford and its agents and employees, whether known or unknown, "from the beginning of the world through the Effective Date[.]"[11] The agreement noted it "is intended to be broadly construed to release all claims arising up to the Effective Date[.]" It further recited that Morgan's decision to sign the agreement "is knowing and voluntary and not induced by the Company [(Ford)] or any Associated Persons, or any agent or employee of the

---

[11] The "Effective Date" is the eighth calendar day after Morgan executed the agreement.

-9-

Company or any Associated Persons, through fraud, misrepresentation or a threat to withdraw or alter the Company's offer to provide the consideration described in Section 2[.]" The agreement further stated, "No party has been or is being influenced to any extent or is relying upon any representation, covenant or statement by any other person unless set forth in this Agreement." These provisions foreclose Morgan's claims concerning fraudulent inducement to enter the agreement. All other claims contained in Morgan's complaint in the case herein predate the effective date of the agreement. Thus, they are barred by the terms of the agreement.

## FRAUD

Nevertheless, the trial court opined that even if it had jurisdiction over the Appellees, and Morgan's claims were not otherwise barred by the terms of the settlement agreement, Morgan still failed to meet the heightened pleading standard in setting forth his fraud claims against the Appellees. In *United Parcel Service Company v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999), Kentucky's highest court set forth the elements of a fraud claim:

> the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows: a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury. *Wahba v. Don Corlett Motors, Inc.*, [573 S.W.2d 357, 359 (Ky. App. 1978)].

-10-

It is enough to plead the time, place, the substance of the false representations, the facts misrepresented, and the identification of what was obtained by the fraud. *Scott v. Farmers State Bank*, 410 S.W.2d 717 (Ky. 1966). This "does not require textbook pleading of all elements of fraud but requires merely that plaintiff set forth facts with sufficient particularity to apprise defendant fairly of charges against him." *Id*. at 722.

Yet, review of Morgan's complaint—which he has neither amended nor moved to amend—reveals fatal flaws in his failure to specifically plead his fraud claims against the Appellees. CR 9.02 provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." "[A]t a minimum, Rule 9(b) requires that the plaintiff specify the who, what, when, where, and how of the alleged fraud." *Sanderson v. HCA-The Healthcare Co*., 447 F.3d 873, 877 (6th Cir. 2006) (internal quotation marks and citation omitted) (discussing federal counterpart to CR 9.02). Morgan's complaint does not identify *who* made the alleged misrepresentations he claims to have relied upon during mediation. Absent this requirement, it is impossible to establish the elements from which a cause of action for fraud might arise.

## CONFIDENTIALITY

The trial court found the alleged misrepresentations are inadmissible because they occurred at mediation and are protected from disclosure by the Uniform Mediation Act (UMA) adopted in Washington, D.C. The trial court further pointed out that, although the UMA has not been formally adopted in Kentucky, Jefferson Circuit Court Rules of Civil Procedure, Local Rule 1312 mandates that mediation shall be considered as settlement negotiations for purposes of KRE[12] 408. However, we need not look beyond the agreement itself to determine that every allegation concerning the parties' conduct prior to the effective date of the agreement was to be kept confidential. The agreement states Morgan "agrees to keep strictly confidential the existence of this Agreement, the allegations raised in or related to the Asserted Claims, and the existence or substance of the negotiations and mediation leading up to this Agreement." To the extent Morgan's claims concern any actions by the Appellees prior to mediation, they are still barred under the settlement agreement, for the reasons previously discussed.

## DAMAGES

The trial court further found that Morgan's damages are not cognizable. Morgan failed to challenge this ruling. His failure to raise an

---

[12] Kentucky Rules of Evidence.

argument concerning this issue constitutes waiver. *Johnson v. Commonwealth*, 450 S.W.3d 707, 713 (Ky. 2014).

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Thomas A. McAdam, III
Louisville, Kentucky

BRIEF FOR APPELLEES:

R. Thad Keal
Prospect, Kentucky

Katherine V.A. Smith
Los Angeles, California

Amanda C. Machin
Jacob T. Spencer
Washington, D.C.