RENDERED:  JULY 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1629-MR

GRC DEVELOPMENT, LLC                                      APPELLANT

v.
APPEAL FROM PIKE CIRCUIT COURT
HONORABLE EDDY COLEMAN, JUDGE
ACTION NO. 16-CI-01037

NEW ACTON MOBILE INDUSTRIES,
LLC                                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, GOODWINE, AND TAYLOR, JUDGES.

DIXON, JUDGE:  GRC Development, LLC ("GRC") appeals from the order

dismissing its counterclaim against New Acton Mobile Industries, LLC ("New

Acton"),[1] as well as the order denying GRC's motion to alter, amend, or vacate

said order, entered by the Pike Circuit Court on May 15, 2019, and September 24,

---

[1]  JMEG Mine, LLC ("JMEG") and Jan M. Berkowitz were defendants in the lawsuit but are not parties to this appeal.

2019, respectively. Following a careful review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

JMEG and Berkowitz had a mining lease with GRC. On May 22, 2015, JMEG and Berkowitz leased a mobile office trailer from New Acton. The trailer was delivered to JMEG and Berkowitz on GRC's property. JMEG and Berkowitz fell behind in their lease payments to both GRC and New Acton. When JMEG and Berkowitz owed New Acton $1,148 in rent, New Acton attempted to take back its trailer. However, GRC refused to release the trailer, claiming it held a landlord's lien on same.[2]

On October 26, 2016, New Acton filed the lawsuit herein against GRC, JMEG, and Berkowitz for payment of $1,148 in rent and the value of the trailer, if not returned or if returned damaged. With its complaint, New Acton filed a motion and affidavit seeking recovery of possession of the trailer. On November 1, 2016, GRC objected to New Acton's claim for possession, asserting it had a valid landlord's lien against the trailer. Berkowitz moved the trial court to dismiss

---

[2] GRC provided a copy of the revised/amended/supplemental landlord's lien filed with the Pike County Clerk on September 27, 2016, which it claims covers the trailer at issue in this case, in its appendix. New Acton moved our Court to strike this document and others because they were not in the record below. We have addressed this motion via separate order to be entered contemporaneously with this Opinion. As stated in that order, we may take judicial notice of this lien. Kentucky Rules of Evidence 201(b)(2); *Polley v. Allen*, 132 S.W.3d 223, 226 (Ky. App. 2004).

the complaint, but his motion was later denied—twice. On December 18, 2016, GRC answered and counterclaimed, requesting enforcement of its lien and alleging fraud and misrepresentation by New Acton.

On May 26, 2017, New Acton mailed notice of submission of the case for final adjudication concerning its motion for writ of possession of the trailer. On June 26, 2017, the trial court entered an order granting New Acton possession of the trailer. GRC moved the trial court to alter, amend, vacate, and/or reconsider its order. After it responded to this motion, but while the matter was still pending, New Acton answered GRC's counterclaim. On August 16, 2017, the trial court entered an opinion and order granting GRC's motion and amending its June 26, 2017, order for New Acton to post bond with surety, pursuant to KRS[3] 425.111. On August 23, 2017, New Acton posted bond as ordered by the trial court.

On September 4, 2018, the trial court *sua sponte* provided notice to the parties that the case would be dismissed for lack of prosecution unless a party filed a pleading with affidavit showing good cause why no steps had been taken of record for more than one year. GRC responded to the notice but failed to file an accompanying affidavit as required by the notice. New Acton responded with a motion to dismiss the bond and counterclaim. On May 15, 2019, the trial court

---

[3] Kentucky Revised Statutes.

entered an opinion and order granting New Acton's motion to dismiss under the summary judgment standard. On May 28, 2019, GRC moved the trial court to alter, amend, or vacate its order. On September 24, 2019, the trial court denied GRC's motion, and this appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[4] 56.03. An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

Concerning a trial court's denial of a motion to alter, amend. or vacate, it is well established:

> CR 59.05 simply provides: "A motion to alter or amend a judgment, or to vacate a judgment and enter a new one,

___

[4] Kentucky Rules of Civil Procedure.

-4-

shall be served not later than 10 days after entry of the final judgment." A party cannot invoke CR 59.05 to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of the judgment. Unlike CR 60.02, CR 59.05 does not set forth the grounds for the motion. But because "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly," the federal courts, in construing CR 59.05's federal counterpart, Federal Rule of Civil Procedure 59(e), have limited the grounds:

> There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005) (footnotes omitted).

## ANALYSIS

On appeal, GRC argues the trial court erred in granting New Acton's motion to dismiss, under either that standard or the summary judgment standard, because "there is a factual controversy and there are legitimate claims that are needed to be submitted to a jury as GRC has a valid claim for rent and landlord lien." For the reasons discussed herein, we disagree.

-5-

GRC further contends the trial court erred in holding: (1) GRC could not prevent New Acton from taking possession of New Acton's trailer and then charge New Acton rent,[5] and (2) GRC did not have a valid lien on New Acton's trailer. However, these assertions are contrary to the long-established principle that "[p]roperty of third parties that may simply happen to be on the premises cannot be seized for rent." *Mercantile Realty Co. v. Allen Edmonds Shoe Corp.*, 263 Ky. 597, 92 S.W.2d 837, 839 (1936). Like the Mercantile Realty Company, GRC insists a lien for rent and the right to its enforcement are given to it by KRS 383.070.[6] However, this cannot be true unless New Acton is its tenant or undertenant. *Id.* at 838.

Under the Uniform Residential Landlord and Tenant Act ("the Act"), KRS 383.545(15), "'[t]enant' means a person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others." Although "undertenant" is undefined in the Act, Black's Law Dictionary defines a "sublessee" as a "third

---

[5] GRC cites no law in support of this contention.

[6] KRS 383.070(1) provides:

> A landlord renting premises for farming or coal mining purposes shall have a lien on the produce of the premises rented and the fixtures, household furniture, **and other personal property owned by the tenant, or undertenant**, after possession is taken under the lease, but the lien shall not be for more than one (1) year's rent due and to become due, nor for any rent which has been due for more than eleven (11) months.

(Emphasis added.)

party who receives the right to possession of leased property by a contract with a current tenant" and notes this is also termed subtenant or, especially in England, undertenant. *Sublessee*, BLACK'S LAW DICTIONARY (11th ed. 2019). New Acton was neither a tenant nor undertenant to GRC; therefore, it neither owed rent to GRC nor could GRC hold or place a lien on New Acton's property. KRS 383.070(1) only allows a landlord to place a lien on personal property owned by the tenant or undertenant. Here, the trailer was owned by New Acton, who was neither a tenant nor undertenant; thus, the trailer could not properly be subject to a landlord's lien. Accordingly, the trial court did not err in finding no legal relationship existed between GRC and New Acton, nor did it err in finding GRC did not have a valid landlord's lien on New Acton's trailer.

Even so, GRC contends the trailer should not have been removed from its property without paying "past due rent" pursuant to KRS 383.080(1). However, KRS 383.080(1) states:

> If, after the commencement of any tenancy, a lien is created on the property upon the leased premises liable for rent, the party making or acquiring the lien **may remove the property from the premises only after paying to the person entitled to the rent so much as is in arrears,** and securing to him so much as is to become due; **what is so paid and secured not being more altogether than rent for the period of time for which the landlord has a lien under KRS 383.070.**

Thus, GRC's argument fails because, as previously discussed, New Acton did not owe GRC rent nor could GRC have a valid landlord's lien under KRS 383.070 on New Acton's trailer since New Acton was neither its tenant nor its undertenant.

GRC further contends New Acton did not properly register its trailer in Kentucky pursuant to KRS 186.655. This issue was not properly brought before, or considered by, the trial court. Only issues fairly brought to the attention of the circuit court are adequately preserved for appellate review. *Elery v. Commonwealth*, 368 S.W.3d 78, 97 (Ky. 2012) (citing *Richardson v. Commonwealth*, 483 S.W.2d 105, 106 (Ky. 1972); *Springer v. Commonwealth*, 998 S.W.2d 439, 446 (Ky. 1999); and *Young v. Commonwealth*, 50 S.W.3d 148, 168 (Ky. 2001)). Because this issue was unpreserved, and review for palpable error was not requested, we need not consider it.

GRC's final argument is that New Acton owes it rent pursuant to KRS 376.480, which states in pertinent part:

> (1) Any owner of real property who rents space on which a house trailer or mobile home is parked shall have a lien for rent due on any house trailer or mobile home, its contents, and other personalty **abandoned by the occupant** on the landowner's property for rent due, reasonable storage, cleanup costs, and utilities furnished to the unit and paid for by the landowner.

(Emphasis added.) Although the term "abandon" is not defined in this statute, it is defined by Black's Law Dictionary as:

1. To leave (someone), esp. when doing so amounts to an abdication of responsibility. **2. To relinquish or give up with the intention of never again reclaiming one's rights or interest in. 3. To desert or go away from permanently.** 4. To stop (an activity) because there are too many problems and it is impractical or impossible to continue. 5. To cease having (an idea, attitude, or belief); to give over or surrender utterly. 6. To leave (a ship) because of sinking or the threat of sinking. 7. Insurance. (Of an insured) to surrender to the underwriters the insured's interest in (the insured property) while claiming payment for the total loss.

*Abandon*, BLACK'S LAW DICTIONARY (11th ed. 2019) (emphasis added). Likewise, "occupant" is defined as "[s]omeone who has possessory rights in, or control over, certain property or premises. 2. [s]omeone who acquires title by occupancy."

*Occupant*, BLACK'S LAW DICTIONARY (11th ed. 2019). New Acton neither abandoned its trailer nor occupied GRC's premises. Thus, this statute is inapplicable and provides GRC no grounds to collect rent from New Acton or impose a lien upon its trailer.

## CONCLUSION

Therefore, and for the foregoing reasons, the orders of the Pike Circuit Court are AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

James L. Hamilton
Pikeville, Kentucky

BRIEF FOR APPELLEE:

Myrle L. Davis
Louisville, Kentucky